Joseph L. BUMGARNER, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 90–1242.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Dec. 3, 1990.

See also 280 Ark. 577, 660 S.W.2d 913.

---

Troy Price, Little Rock, Ark., for appellant.

Olan W. Reeves, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

HENLEY, Senior Circuit Judge.

Joseph L. Bumgarner appeals from an order of the district court[1] dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.

Bumgarner was charged with aggravated robbery and burglary. An amended information also charged him with criminal conspiracy and being an habitual offender; the amended information listed sixteen previous felony convictions between 1966 and

---

\* The Honorable William C. Hanson, United States Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

**1.** The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Ar-

1981. On February 7, 1982 Bumgarner filed a motion to proceed pro se. On March 2, 1982 he filed a writ of mandamus to compel the court to rule on the motion. On March 9, 1982 the court granted the motion but appointed standby counsel. Bumgarner filed numerous pretrial motions, including motions for discovery, suppression of evidence, disqualification of the judge, severance from codefendants, and dismissal. He appeared at three motion hearings, and conducted direct and cross-examination.

On July 14, 1982 Bumgarner appeared for trial. He informed the court that after a July 8, 1982 motion hearing, he was placed in solitary confinement and as a consequence was unable to adequately prepare his defense. He also informed the court that he had been in the process of attempting to obtain an attorney and requested a continuance to do so. The court denied the request, noting that it had attempted to dissuade Bumgarner from proceeding pro se but that Bumgarner had insisted on self-representation and the morning of trial was too late to change his mind.

At trial, Bumgarner made an opening statement and closing argument. He questioned witnesses and conferred with standby counsel, who assisted him in jury selection and argued the motion for a directed verdict of acquittal. The jury convicted Bumgarner of burglary and aggravated robbery. He was sentenced to thirty years for burglary and life imprisonment for the aggravated robbery.

On appeal, Bumgarner argued that the trial court's refusal to grant him a continuance denied him his sixth amendment rights. The Arkansas Supreme court rejected the claim, finding that:

> Bumgarner is well acquainted with the criminal court system.... He clearly understood the charges against him and, without question, understood his rights. He vigorously sought to represent him-

kansas, to whom the matter was referred for entry of judgment by the consent of the parties pursuant to 28 U.S.C. § 636(c).

self. Even so, the trial court took the precaution of appointing standby counsel shortly after the charges were filed. The standby counsel was present and assisted Bumgarner at trial. On the morning of trial Bumgarner claimed he wanted a continuance in order to employ some unnamed attorney. While he was demanding a continuance, he was also demanding dismissal for lack of a speedy trial.... The denial of such a ruse does not constitute error.

*Spears (Bumgarner) v. State,* 280 Ark. 577, 588, 660 S.W.2d 913, 919–20 (1983).

In this habeas action Bumgarner asserted that the confinement prior to trial violated his sixth amendment right to effective assistance of his own counsel and that he had not made a knowing, voluntary, and intelligent waiver of his right to counsel. After an evidentiary hearing, the magistrate rejected these claims. The magistrate noted that the state court findings were entitled to a presumption of correctness, *see Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), and that Bumgarner had presented no evidence to overcome the presumption.

■ We agree with the magistrate that the confinement for a few days prior to trial did not interfere with Bumgarner's ability to prepare for trial or obtain an attorney. As the magistrate noted, prior to trial Bumgarner never attempted to notify the trial court, or anyone else, that he wanted to hire an attorney, and at the hearing he failed to demonstrate how the confinement prejudiced his defense.[2]

■ The magistrate also correctly rejected Bumgarner's claim that he had not made a knowing and intelligent waiver of his right to counsel. We agree with the

magistrate that this case is very similar to *Meyer v. Sargent,* 854 F.2d 1110 (8th Cir. 1988). In *Meyer,* this court stated that the

'key inquiry' in reviewing a Sixth Amendment waiver to determine whether it was knowingly and intelligently made 'must be' to determine whether the accused was 'made sufficiently aware of the right to have counsel' and 'of the possible consequences of a decision to forego the aid of counsel' so that his choice is made with his eyes open.

*Id.* at 1114 (quoting *Patterson v. Illinois,* 487 U.S. 285, 292–93, 108 S.Ct. 2389, 2394–95, 101 L.Ed.2d 261 (1988)). "Courts, in making this assessment must look 'in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' " *Id.* (quoting *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981)). In *Meyer,* this court further stated that "a specific warning on the record of the dangers and disadvantages of self-representation is not an absolute necessity in every case if the record shows that the defendant had this required knowledge from other sources." [3] *Id.* This court held that Meyer's request to remove counsel in the middle of trial after being cautioned that replacement counsel would not be appointed was the "functional equivalent" of a knowing and voluntary waiver of counsel. *Id.* The court found that the record demonstrated that the waiver was knowing and intelligent, because the judge explained Meyer's rights in proceeding pro se, his previous contact with the criminal justice system gave him knowledge of the dangers of self-representation, and Meyer's conduct at trial demonstrated he had a good knowledge of the

2. The magistrate noted that this court had rejected this claim in a § 1983 action, *Bumgarner v. Bloodworth,* 768 F.2d 297, 301 (8th Cir.1985) (per curiam), in which we found that Bumgarner had had "several months within which to prepare for trial" and there was "no indication that a partial loss of privileges for a few days, if it occurred, in any way hampered the defense." We do not decide the preclusive effect, if any, of the previous denial of the claim, because, as the

magistrate found, Bumgarner failed to carry his burden in the habeas proceeding.

3. We recognize that *"Meyer* stands as an exception to the general rule that to constitute a valid waiver of counsel the trial judge must apprise the defendant on the record of the advantages and disadvantages of self-representation." *Young v. Lockhart,* 892 F.2d 1348, 1352 (8th Cir.1989).

system.[4] In addition, a "major factor leading [the court] to its conclusion that there was no violation of the right to counsel" was that the record indicated that Meyer's action in seeking replacement counsel was "largely obstructionist." *Id.* at 1115.

In this case, the record amply demonstrates that Bumgarner's waiver of counsel was knowing and intelligent. His reliance on *Young v. Lockhart,* 892 F.2d 1348 (8th Cir.1989), and *Berry v. Lockhart,* 873 F.2d 1168 (8th Cir.1989), is misplaced. In *Young,* this court distinguished *Meyer* because there was no evidence that Young intended to obstruct trial. 892 F.2d at 1351. In the instant case, the state supreme court found that Bumgarner's actions were a "ruse." In *Berry,* this court emphasized that "Berry never agreed to proceed on his own behalf. He steadfastly asked for counsel." 873 F.2d at 1171. In contrast here, as the state supreme court found, Bumgarner "vigorously" insisted on proceeding pro se, even filing a writ of mandamus to compel the trial court to grant his motion.

As stated in *Berry,* "[n]ot ... every time a defendant requests a new lawyer, ... should [he] be indulged. These requests will sometimes, perhaps often, be dilatory tactics. A defendant has no right to manipulate his right to counsel in order to delay or disrupt the trial." *Id.*

Accordingly, we affirm the judgment of the district court.[5]

---

4. We digress briefly to note that in proceedings related to *Bumgarner v. Lockhart,* 361 F.Supp. 829 (E.D.Ark.1973), the record reflects that appellant, who had some distrust of lawyers, had studied law during his long prison career and had achieved a reputation as an inmate "writ writer." *See* PB–73–C–182 E.D.Ark. (unpub-lished) and PB–73–C–47 E.D.Ark. (unpublished 6–19–74), in which appellant, with some assistance of counsel, won.

5. We thank appointed counsel for their representation.