**UNITED STATES of America,
Appellant,**

v.

**Ronald McALLISTER.**

**No. 90–1741.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Feb. 19, 1991.

Decided March 1, 1991.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Ap-

peals, and Frederick G. Herold, Asst. U.S. Atty., Philadelphia, Pa., for appellant.

Larry A. Colston, Philadelphia, Pa., for appellee.

Before GREENBERG and COWEN, Circuit Judges, and FISHER, District Judge *.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

■ The United States, with the personal approval of the Solicitor General, appeals pursuant to 18 U.S.C. § 3742(b)(2) on the grounds that the sentence in this criminal case was imposed as a result of an incorrect application of the sentencing guidelines. Inasmuch as we are deciding the case as a matter of law by construction of the guidelines, we are exercising plenary review. *United States v. Nottingham*, 898 F.2d 390, 392 (3d Cir.1990); *United States v. Ortiz*, 878 F.2d 125, 126–27 (3d Cir.1989).

The procedural history and facts of this case are not complicated. A 17–count indictment was returned charging appellee Ronald McAllister and certain of his relatives with the commission of controlled substance offenses between July 15, 1988, and February 4, 1989. In particular, McAllister was charged with: (1) conspiracy to possess cocaine with the intent to distribute, count one, 21 U.S.C. § 846; (2) distribution of cocaine, counts four and eight, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2(a); (3) distribution of cocaine within 1,000 feet of a school, counts five and nine, 21 U.S.C. §§ 841(a)(1), 845a, 18 U.S.C. § 2(a); and (4) unlawful use of a communications facility, count sixteen, 21 U.S.C. § 843(b). McAllister, a convicted felon, was later charged in a separate indictment with a violation of 18 U.S.C. § 922(g)(1), for possession of a firearm. On May 7, 1990, McAllister pleaded guilty to counts one, five, and nine of the controlled dangerous substance indictment and to the firearms indictment.

The presentence report set forth that McAllister had four prior adult convictions and that inasmuch as two were for robberies, he was a career offender within sentencing guidelines §§ 4B1.1 and 4B1.2. The first robbery was committed on July 3, 1978, and is described as follows in the presentence report: "Court records reflect that on July 3, 1978, the defendant robbed Alice Gross by grabbing her arm and taking $190.00 from her inside 1352 W. Girard Avenue [Philadelphia]. No weapon was involved in the offense." The state record of this offense indicates that McAllister was sentenced to "Time in (7/3/78 to 7/12/78) to 23 months in Philadelphia County Prison."

The second robbery was committed on August 23, 1978, and is described as follows in the presentence report: "On August 23, 1978, at approximately 12:15 a.m., Richard Murray was attacked and robbed of his wallet by three individuals while exiting the subway at the Logan Station [in Philadelphia]." McAllister, who was one of the three men, received a custodial sentence of four to 23 months for this offense.

When McAllister was sentenced on August 31, 1990, he urged that the court not treat him as a career offender and it agreed, holding:

The Court finds under all of the circumstances presented in this case, the arguments of Mr. Colston [McAllister's attorney], the arguments of the Government, the factual submissions by Mr. Colston and the factual submissions by the Government, including Government Exhibit 1 that Ronald McAllister has not been convicted of two prior crimes of violence. So for purposes of the Career Offender Provisions he does not qualify as a career offender. I will say this at this time and I will say it again to Ronald McAllister, he has not led a model life. But I believe the two prior convictions for robbery, one July 3, 1978 and one in late August of 1978 or the facts surrounding those convictions are sufficiently ambiguous to the Court that I cannot say that both of those crimes were

---

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

crimes of violence as those words are used in the guidelines applicable to career offenders. Those are my rulings on the legal issues in the case.

App. at 129.

■ This holding was extremely significant, as application of the career offender provisions of the guidelines as proposed in the presentence report resulted in an imprisonment range of 210 to 262 months, predicated on an offense level of 32 and a criminal history category of VI. Instead of using that range, the district court sentenced McAllister to concurrent terms of 51 months on each of the four counts, as reflected in a judgment of conviction and sentence of August 31, 1990.[1]

The parties have briefed this case predicated on the guidelines as amended to the time of sentencing and we will decide it on that basis.[2] Guidelines § 4B1.1 provides that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

McAllister was at least 18 years old at the time of his current offenses, three of which involved controlled substances. Thus, the first two conditions of guidelines § 4B1.1 have been indisputably met and we are concerned only with whether McAllister had two prior felony convictions for crimes of violence.

Guidelines § 4B1.2(1)(i) provides that a crime of violence means any offense under federal or state law punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Application note 2 indicates that robbery is a crime of violence and application note 3 states that a "prior felony conviction" means a federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether the offense is specifically designated as a felony and regardless of the actual sentence imposed.[3]

Accordingly, it is apparent that McAllister had two prior felony convictions for crimes of violence, as he was convicted of two robberies punishable by imprisonment terms exceeding a year. Therefore we are

---

1. The counts of the indictment to which McAllister did not plead guilty were dismissed at sentencing.

2. The guidelines were amended effective November 1, 1989, and we apply these amendments as the rule is that "[b]arring any ex post facto problem, a defendant is to be punished according to the guidelines in effect at the time of sentencing." *United States v. Harotunian,* 920 F.2d 1040, 1041–42 (1st Cir.1990); 18 U.S.C. § 3553(a)(4) and (5). However, unless the guidelines are made more lenient after the offense, functionally this rule works out to be that a defendant is to be sentenced under the guidelines as of the time of the sentencing, but only if it does not matter whether the sentence is in accordance with those guidelines or those in effect at the time of the offense.

Our result would be the same even if we applied the guidelines prior to their amendment. Indeed, in his brief, McAllister indicates that "[t]he difference between 4B1.2 prior to November 1, 1989, and post November 1, 1989, is form rather than substance." While that might not always be so, it is here. Insofar as this case is concerned, the prime significance of the amendments is to include a full definition derived from 18 U.S.C. § 924(e) of the term "crime of violence" in guidelines § 4B1.2(1)(i), rather than referring in the guidelines to the definition in 18 U.S.C. § 16. However, the definition of "crime of violence" in 18 U.S.C. § 16(a) is the same as in 18 U.S.C. § 924(e)(2)(B)(i), except that 18 U.S.C. § 16(a) includes the use of force against property as well as a person. That distinction does not matter here as the robbery victims were individuals, though their property was taken.

3. While the application notes were amended effective November 1, 1989, the notes prior to the amendment specifically included robbery as a crime of violence. The note with respect to the meaning of a prior felony conviction was not changed.

satisfied that the district court erred in not sentencing McAllister as a career offender.[4] While we recognize that our disposition of this matter seems rather mechanical, this is because the issue before us is clearly resolved by the guidelines.[5]

Our result is consistent with *United States v. Preston*, 910 F.2d 81 (3d Cir. 1990), which concerned a prosecution of a felon for possession of a firearm under 18 U.S.C. § 922(g). We held there that under 18 U.S.C. § 924(e) a conviction in Pennsylvania for conspiracy to commit a robbery, like a robbery conviction itself, necessarily qualifies as a violent felony, so that inquiry beyond determining the fact of the conviction and the charge was unnecessary to ascertain if the conviction was a "violent felony" within that section for purposes of sentence enhancement. In *Preston* we also pointed out that "crime of violence" within guidelines § 4B1.2 is predicated on "violent felony" within 18 U.S.C. § 924(e). 910 F.2d at 86 n. 6. Accordingly, it follows that if inquiry into the underlying facts in *Preston* was not necessary, it should not be required when a career offender determination is made under the guidelines if the underlying offense is a robbery. *Preston* relied on *Taylor v. United States*, — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in which the Supreme Court pointed out that a case-by-case approach in determining whether a particular prior conviction was a violent felony under 18 U.S.C. § 924(e), could require a court to engage in an elaborate fact-finding process with respect to the facts in a prior case. The Court avoided that procedure by adopting a categorical approach to determine if the prior offense should be considered for sentence enhancement. 110 S.Ct. at 2158–60.

We do not suggest that it will always be possible to take a categorical approach to the determination of whether an underlying offense is a "crime of violence" within guidelines § 4B1.2. It may well be that more detailed inquiry into the facts of a case will be required if the offense is not specifically listed as a "crime of violence" in the application notes to the guidelines. *See United States v. Williams*, 892 F.2d 296, 303–04 (3d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3221, 110 L.Ed.2d 668 (1990). But we are not concerned with that situation and thus we do not address it. Here the robberies were *per se* crimes of violence and that ends our inquiry. *See also United States v. Gonzalez–Lopez*, 911 F.2d 542, 547–48 (11th Cir.1990); *United States v. Brunson*, 907 F.2d 117, 120–21 (10th Cir.1990).

The sentence in the judgment of August 31, 1990, will be vacated and the matter will be remanded to the district court for resentencing.

---

**4.** The United States makes an alternative argument that even if robbery is not necessarily a crime of violence, the particular robberies here were such offenses. In view of our conclusion that robbery is necessarily a crime of violence, we need not consider this contention. Perhaps if a state defined robbery to include an offense greatly divergent from the common law definition of robbery, a detailed inquiry into the facts of the offenses might be appropriate, but in view of the definition of robbery in 18 Pa.Cons. Stat.Ann. § 3701 (Purdon 1983), it is not here.

**5.** We realize that the sentence in this case indicated by a correct application of the guidelines might be viewed by some as harsh. But that circumstance cannot be the basis for the court not to apply the guidelines as written.