**UNITED STATES of America, Appellee,**

v.

**Lawrence M. LaFROMBOIS, Appellant.**

**No. 91–1514.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 20, 1991.

Decided Sept. 10, 1991.

Henry J. Eslinger, Grand Forks, N.D., for appellant.

Dennis D. Fisher, Fargo, N.D., for appellee.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

PER CURIAM.

Lawrence M. LaFrombois appeals his sentence imposed by the district court[1] af-

---

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

ter he pleaded guilty to one count of willfully setting on fire a trailer in which he and his former girlfriend lived within Indian country, in violation of 18 U.S.C. §§ 1855 and 1153. He argues the district court erred in calculating his criminal history category by including unconstitutional convictions. We affirm.

The Presentence Report calculated the offense level at 18, U.S.S.G. § 2K1.4(a) and (b)(3) (arson involving destruction of residence), and recommended a two-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1. LaFrombois's criminal history category included points for state convictions for sexual assault and failure to appear for trial on the sexual assault charge. LaFrombois objected to the inclusion of those convictions on the ground that he had not been represented by counsel, and his waiver of counsel had not been knowing and intelligent. The district court, after reviewing a transcript of the state court proceedings, found the state court had fully explained LaFrombois's rights to him, and he had knowingly waived his right to counsel. Based on an adjusted offense level of 16, a criminal history category of IV, and a sentencing range of 33–41 months, the court imposed a sentence of forty-one months in prison.

On appeal LaFrombois argues that the prior convictions should have been excluded because he did not knowingly and intelligently waive counsel, he was not advised of the possible penalties, and he was not advised he was giving up his right to a jury trial and his right to remain silent.

■■■ A sentencing court's finding under U.S.S.G. § 4A1.2 that a conviction used to enhance a defendant's sentence was not constitutionally invalid is reviewed for clear error and for application of the proper legal standards. *See United States v. Dickens,* 879 F.2d 410 (8th Cir.1989).[2] A criminal defendant may waive his right to counsel as long as the waiver is voluntary, and intelligently and knowingly made. *Meyer v. Sargent,* 854 F.2d 1110, 1114 (8th Cir. 1988). Whether the defendant was made sufficiently aware of his right to have counsel and the possible consequences of foregoing assistance of counsel turns on the particular facts and circumstances of the case, including the defendant's background, experience and conduct. *Bumgarner v. Lockhart,* 920 F.2d 510, 512 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2898, 115 L.Ed.2d 1062 (1991). Here, the district court's determination that LaFrombois's waiver was voluntary and knowing was not clearly erroneous: the transcript shows that the state court thoroughly explained the right to have counsel, and LaFrombois's prior experience and conduct at the hearing indicate he was aware of the possible consequences.

LaFrombois's other arguments are not properly before this court as they are raised for the first time on appeal. *See United States v. Benson,* 836 F.2d 1133, 1135 (8th Cir.1988). In any event, his arguments are without merit. The record shows he was sufficiently advised of the possible penalties, he understood he was giving up his right to a jury trial, and he was informed of his right to remain silent.

Accordingly, we affirm.

■■■

---

2. *Dickens* and our other cases reviewing the constitutional validity of sentences counted in determining a defendant's criminal history category were decided prior to November 1, 1990. On that date, the Sentencing Commission revised Application Note 6 of § 4A1.2 to read:

> Also, sentences resulting from convictions that a defendant shows *to have been previously ruled* constitutionally invalid are not to be counted.

(Emphasis added). The parties have not addressed, and we do not consider whether defendants may continue to collaterally attack prior convictions under this November 1990 amendment to Application Note 6 of § 4A1.2.