UNITED STATES of America, Plaintiff–Appellee,

v.

David ELLIOTT, Defendant–Appellant.

No. 92–2434.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided May 11, 1993.

Rehearing and Rehearing En Banc Denied June 30, 1993.

Motion to Dismiss Appeal Denied June 30, 1993.

Thomas Cotter, St. Louis, MO, argued, for defendant-appellant.

Joseph Landolt, Asst. U.S. Atty., St. Louis, MO, argued, for plaintiff-appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

David Elliott pleaded guilty to a May 24, 1991, robbery of a bank in Silex, Missouri, in violation of 18 U.S.C. § 2113(a). Elliott's presentence report listed five California robbery convictions between 1973 and 1983, pending robbery and escape charges, and a long history of committing robberies while on parole. The PSR recommended that Elliott's base offense level be increased from 23 to 32 because the five prior convictions made him a "career offender" under U.S.S.G. § 4B1.1.

Elliott requested an evidentiary sentencing hearing, alleging that the prior convictions were constitutionally invalid because the state courts failed to conduct competency hearings before accepting a guilty plea or empaneling a jury, thus violating *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The district court,[1] relying on our decision in *United States v. Hewitt*, 942 F.2d 1270 (8th Cir.1991), denied the hearing and sentenced Elliott as a career offender to 204 months in prison, within the twenty-year maximum provided in § 2113(a). *Hewitt* held that Application Note 6 to U.S.S.G. § 4A1.2, which provides that only those "convictions that a defendant shows *to have been previously ruled* constitutionally invalid are not to be counted" in calculating a defendant's criminal history, requires that any prior conviction not invalidated prior to sentencing must be counted in determining career offender status.

On appeal, Elliott urges us to reconsider *Hewitt*, arguing that our construction renders Application Note 6 unconstitutional and has been rejected by other circuits.[2] We are bound as a panel to follow *Hewitt*'s interpre-

---

1. The HONORABLE EDWARD L. FILIPPINE, Chief United States District Judge for the Eastern District of Missouri.

2. Three circuits allow challenges to prior convictions at sentencing despite Application Note 6. *See United States v. Vea–Gonzales*, 986 F.2d 321, 327 (9th Cir.1993); *United States v. Canales*, 960 F.2d 1311, 1315 (5th Cir.1992); *United States v. Jacobetz*, 955 F.2d 786, 805 (2d Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 104, 121 L.Ed.2d 63 (1992). The law in two other circuits appears

to be in flux. *Compare United States v. Hoffman*, 982 F.2d 187, 190–91 (6th Cir.1992), *with United States v. Sotolongo*, 959 F.2d 237 (text in WEST-LAW) (6th Cir.1992) (unpublished per curiam), *cert. denied*, — U.S. —, 113 S.Ct. 811, 121 L.Ed.2d 684 (1992); *compare United States v. Cornog*, 945 F.2d 1504, 1511 (11th Cir.1991) (dictum), *with United States v. Roman*, 968 F.2d 11 (11th Cir.1992), vacating for en banc consideration a panel opinion that followed *Cornog*.

tation of Application Note 6. *See United States v. Saffeels*, 982 F.2d 1199, 1209 n. 2 (8th Cir.1992). However, because of the apparent conflict in the circuits, we will expand upon *Hewitt*'s discussion of· this issue. In addition, because *Hewitt* did not consider the constitutional issue raised by Elliott; it is not stare decisis and therefore does not bind another panel of the court as to that issue. *See* 1B Moore's Federal Practice ¶ 0.402[2], at I–36 (2d ed. 1993). Concluding nonetheless that *Hewitt* was correctly decided, we affirm.

## I.

Whether a defendant may defeat career offender status by collaterally attacking his prior convictions at sentencing raises both statutory and constitutional issues. The statutory issues are whether Application Note 6 ·is consistent with the Sentencing Commission's statutory mandate and, if so, whether courts are bound to follow it. The constitutional issue, broadly stated, is whether Elliott must be permitted to challenge the constitutional validity of prior convictions used to enhance his Guidelines sentence. Because constitutional questions are to be avoided when possible, we address the statutory issues first.

## A.

Congress has enacted numerous laws mandating longer sentences for those previously convicted of crime. On occasion, Congress has explicitly addressed the question whether prior convictions may be collaterally attacked at sentencing. For example, former 18 U.S.C. § 3575, which mandated increased sentences for those convicted of two or more prior felonies, provided that "[a] conviction shown on direct or collateral review *or at the hearing* to be invalid ... shall be disregarded...." 18 U.S.C.A. § 3575(e) (1985) (emphasis added). The emphasized language · was held to require a sentencing court to examine the constitutional validity of prior

convictions. *See United States v. Burt*, 802 F.2d 330, 332–33 (9th Cir.1986). Congress took a more restrictive approach in 21 U.S.C. § 851, which deals with prior convictions used to impose certain mandatory minimum drug sentences:

> (e) No person who stands convicted of an offense under. this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

On the other hand, Congress failed to address this question in 18 U.S.C. § 924(e), which mandates a minimum fifteen year sentence if a defendant with three prior violent felony convictions is convicted of unlawfully possessing a firearm. We have construed Congress's silence in § 924(e) as permitting defendants to collaterally attack prior convictions at their § 924(e) sentencing proceedings. *See United States v. Day*, 949 F.2d 973, 981 (8th Cir.1991); *United States v. White*, 890 F.2d 1033, 1035 (8th Cir.1989). Most courts have agreed, often citing constitutional concerns. *See United States v. Paleo*, 967 F.2d 7, 11–13 (1st Cir.1992); *United States v. Hope*, 906 F.2d 254, 263 (7th Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1640, 113 L.Ed.2d 735 (1991). *But see United States v. Custis*, 988 F.2d 1355, 1360–64 (4th Cir.1993).

The Sentencing Reform Act directs the Sentencing Commission to assure that repeat violent offenders are sentenced to a term of imprisonment "at or near the maximum term authorized" for the offense. 28 U.S.C. § 994(h). This statute is express authority for Guidelines that increase sentences based upon prior convictions, but § 994(h), like § 924(e), is silent as to whether the validity of those prior convictions may be collaterally attacked at sentencing. Left to our own devices, we would no doubt permit such collateral attacks, just as we permit collateral attacks under § 924(e).[3]

---

**3.** Prior to its amendment in 1990, Application Note 6 merely provided that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." U.S.S.G. App. C, No.

353, at 633. Under the prior Application Note 6, we permitted collateral attacks on prior convictions used to enhance a Guidelines sentence. *See United States v. LaFrombois*, 943 F.2d 914, 915 n. 2 (8th Cir.1991).

■ But we have not been left to our own devices. The Sentencing Commission has amended Application Note 6 to provide that only convictions "previously ruled constitutionally invalid" are not to be counted. Amended Application Note 6 reflects the Commission's judgment that prior, unchallenged convictions demonstrate "the defendant's failure to learn from the application of previous sanctions and his potential for recidivism." U.S.S.G. App. C, No. 353. This judgment is consistent with the congressional intent reflected in § 994(h). As Senator Kennedy stated in introducing the bill:

> Shrinking law enforcement resources must be targeted on incapacitating the tiny minority of criminals responsible for the overwhelming majority of violent crimes. Career criminals must be put on notice that their chronic violence will be punished by maximum prison sentences for their offenses, without parole.

128 Cong.Rec. 26,518 (1982). *See also* S.Rep. No. 225, 98th Cong., 2d Sess. 175, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3358; *Mistretta v. United States*, 488 U.S. 361, 376 & n. 10, 109 S.Ct. 647, 657 & n. 10, 102 L.Ed.2d 714 (1989). We have previously noted that "the commentary accompanying each section of the guidelines reflects the intent of the United States Sentencing Commission," *United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir.1989), and "provides crucial supplementation" to the guidelines. *United States v. Kelley*, 956 F.2d 748, 756 (8th Cir.1992) (en banc). *See also United States v. Anderson*, 942 F.2d 606, 611–12 (9th Cir.1991) (en banc). Therefore, we are bound to follow the plain meaning of amended Application Note 6, which has been presented to Congress, *see* 55 Fed.Reg. 19,204–05, and is not inconsistent with § 4A1.2 itself. *Compare United States v. Rodriguez–Morales*, 958 F.2d 1441, 1445, 1448 & n. 3 (8th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992).

Elliott, however, urges us instead to follow cases holding that the Sentencing Commission did not mean what it said in Application Note 6. In a background note to § 4A1.2, the Commission stated that it "leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." Some courts, citing a need to reconcile Application Note 6 and this background note, have held that:

> a court is only *required* to exclude a prior conviction from the computation of the criminal history category if the defendant shows it to "have been previously ruled constitutionally invalid"; otherwise, the district court has *discretion* as to whether or not to allow the defendant to challenge the prior conviction at sentencing.

*Canales*, 960 F.2d at 1315. We disagree.

The courts that treat this issue as discretionary appear to allow challenges at sentencing in all cases. Thus, they ignore the plain meaning of amended Application Note 6 on the basis of a less authoritative and more ambiguous background note. *See* § 1B1.7 (distinguishing notes that "interpret the guideline or explain how it is to be applied" from notes that "provide background information"). Moreover, the purported reconciliation is unnecessary because there is a plausible explanation of the background note that does not eviscerate Application Note 6. In the case of uncounseled misdemeanor convictions, which the background note explains are often to be counted, Application Note 6 arguably conflicts with Sixth Amendment decisions such as *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In these circumstances, the Commission's background note does not signal a retreat from amended Application Note 6. It is simply a proper recognition that, when constitutional issues are implicated, the judiciary necessarily has the last word.

For these reasons, *Hewitt* correctly concluded that we must follow amended Application Note 6 except when the Constitution requires that a collateral attack at sentencing be permitted.

### B.

■ Statutes that enhance sentences based upon prior convictions are clearly constitutional. *See Spencer v. Texas*, 385 U.S. 554, 559–60, 87 S.Ct. 648, 651–52, 17 L.Ed.2d 606 (1967). Though a defendant is entitled to procedural due process in the making of recidivist determinations, *see, e.g., Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209,

1212, 18 L.Ed.2d .326 (1967); *Camillo v. Armontrout,* 938 F.2d 879, 881 (8th Cir.1991), the issue in this case is not procedural. Rather, it is the *substantive* validity of a rule that bars Elliott from collaterally attacking the prior convictions being used to enhance his Guidelines sentence.

As generally perceived, the constitutional issue was framed by a statement in *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967): "To permit a conviction obtained in violation of *Gideon v. Wainwright* [372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799] (1963) ] to be used against a person either to support guilt *or. enhance punishment for another offense* is to erode the principle of that case.". (Emphasis added; citation omitted.) *See also United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972) (sentence based upon prior convictions previously ruled unconstitutional under *Gideon* was "founded at least in part upon misinformation of constitutional magnitude"). The stated rationale for the *Burgett/Tucker* doctrine is to prevent "[e]rosion of the Gideon principle," *Tucker,* 404 U.S. at 449, 92 S.Ct. at 592–93 and the Supreme Court has only applied it to bar the use of prior uncounseled convictions for sentence enhancement. Lower federal courts have tended to assume that the doctrine applies broadly to convictions that are constitutionally invalid on other grounds, *see, e.g., United States v. Martinez,* 413 F.2d 61 (7th Cir.1969), but that assumption has come under recent attack, *see Custis,* 988 F.2d at 1360–63.

In *Parke v. Raley,* ⸺ U.S. ⸺, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the Supreme Court sidestepped the broad question whether a defendant may be precluded from challenging the constitutional validity of a sentence-enhancing guilty plea conviction. Instead, the Court upheld the enhanced sentence on the narrower ground that a Ken-tucky statute permitting such challenges but placing the burden on defendant to prove the prior conviction's. invalidity "easily passes constitutional muster." *Id.* ⸺ U.S. ⸺, 113 S.Ct. at 522. In. addition to confirming that other courts may have read the *Burgett/Tucker* doctrine too broadly, *Parke* suggests a judicial willingness to defer to legislative judgments in this area.

Convictions may suffer from constitutional infirmities that do not undermine their reliability as indicators of actual guilt. Such convictions do not evidence the "misinformation of constitutional magnitude" cited in *Tucker.*[4] A conviction's reliability as an indicator of guilt is highly relevant to the statutory purpose of enhancing the punishment of career criminals, as the Supreme Court recognized in the one case to consider (and reject) a *Burgett/Tucker* challenge on substantive due process grounds:

> Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm.... We recognize, of course, that under the Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes. The Court, however, has never suggested that an uncounseled conviction is invalid for all purposes [but, rather, only for those purposes which] depend[ ] upon the reliability of a past uncounseled conviction.

*Lewis v. United States,* 445 U.S. 55, 66–67, 100 S.Ct. 915, 921–22, 63 L.Ed.2d 198 (1980).

In this case, Elliott has not argued that the collateral attack he seeks is necessary to prevent the "erosion" of *Pate v. Robinson,* nor has he shown that his sentence was based upon "misinformation of constitutional magnitude." *Lewis* makes it clear that the *Burgett/Tucker* doctrine does not permit a defendant to challenge the constitutional

---

4. A constitutionally invalid sentence may be a much more reliable indicator of recidivism than other conduct that has been considered for sentence enhancement, such as pending indictments, *Young v. United States,* 259 F.2d 641, 646 (8th Cir.1958), *cert. denied,* 359 U.S. 917, 79 S.Ct. 595, 3 L.Ed.2d 579 (1959); indictments that did not result in trial or conviction, *United States v. Doyle,* 348 F.2d 715, 721 (2d Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965); charges on which the defendant was actually acquitted, *United States v. Olderbak,* 961 F.2d 756, 764–65 (8th Cir.), *cert. denied,* ⸺ U.S. ⸺, 113 S.Ct. 422, 121 L.Ed.2d 344 (1992); and uncharged conduct, *United States v. Galloway,* 976 F.2d 414, 424 (8th Cir.1992) (en banc), *cert. denied,* ⸺ U.S. ⸺, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993).

validity of a prior conviction on any ground at any time. And collateral attacks on guilty pleas are particularly disfavored because "the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2088, 60 L.Ed.2d 634 (1979).[5] Thus, Elliott has failed to demonstrate that Application Note 6 is unconstitutional as applied in his case.

In addition, we conclude that the legislative limits that Application Note 6 imposes on collateral attacks on prior criminal convictions are consistent with other recent Supreme Court decisions. It is now well settled that the writ of habeas corpus—the most common form of federal collateral attack—is subject to significant legislative and judicial procedural limitations. Because a federal collateral attack on a state conviction strikes at finality, interferes with state sovereignty, and places a heavy burden on scarce judicial resources, the writ no longer extends to most procedurally defaulted constitutional claims or to petitioners who have abused the writ. *See Coleman v. Thompson,* — U.S. —, ——--—, 111 S.Ct. 2546, 2562-66, 115 L.Ed.2d 640 (1991) (procedural default); *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (abuse of the writ); *Engle v. Isaac,* 456 U.S. 107, 126-29, 102 S.Ct. 1558, 1571-73, 71 L.Ed.2d 783 (1982); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198, 1201-04, 71 L.Ed.2d 379 (1982) (exhaustion of remedies). Today, the "presumption of regularity" attaching to final state court judgments is "deeply rooted in our jurisprudence." *Parke v. Raley,* — U.S. at —, 113 S.Ct. at 523.

As applied to Elliott's unchallenged prior convictions, Application Note 6 is a rule of procedural default that is quite consistent with these current habeas corpus principles. The constitutional right to a competency hearing was well established at the time of Elliott's state court convictions. Thus, unlike the defendants in *Tucker* and *Burgett,* Elliott had ample opportunity to attack his state court convictions during his lengthy incarceration for those convictions. Even ignoring the custody question that is unique to habeas corpus jurisprudence, Elliott would be procedurally barred from challenging his California robbery convictions in a federal habeas proceeding because he has not alleged cause and prejudice for his prior failure to challenge them in state court. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977).

By precluding collateral attack in federal court when the defendant has procedurally defaulted his claims, Application Note 6 forecloses meritless claims that seek only to create opportunity from a stale or incomplete record, and channels meritorious claims along a procedural path that promotes both fairness and efficiency within the federal criminal justice system. The similar limitation in 21 U.S.C. § 851(e) has been upheld against constitutional attack. *See United States v. Williams,* 954 F.2d 668, 673 (11th Cir.1992); *Cirillo v. United States,* 666 F.Supp. 613, 616 (S.D.N.Y.1987).[6]

For the foregoing reasons, we conclude that Application Note 6 as construed in *Hewitt* passes constitutional muster in this case and that the district court correctly applied § 4B1.1 and *Hewitt* in precluding Elliott from collaterally attacking the prior state court convictions used to establish his career offender status.

## II.

■ Elliott also contends that the district court erred in finding that the pellet gun he

---

**5.** Three of Elliott's previously unchallenged convictions were entered upon guilty pleas.

**6.** In *United States v. Pallais,* 921 F.2d 684, 692 (7th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 134, 116 L.Ed.2d 101 (1991), the Seventh Circuit concluded it did not have to reach the "interesting" question whether § 851(e) could constitutionally bar a *Burgett/Tucker* challenge to an uncounseled conviction more than five years old. Use of uncounseled convictions was the only constitutional issue considered in *United States v. Norquay,* 987 F.2d 475, 482 (8th Cir. 1993), there in the context of § 4A1.3 of the Guidelines. Thus, we do not believe that *Norquay,* which was narrowly construed in *United States v. Thomas,* No. 92-2112, 1993 WL 105111, *4 and n. 4 (8th Cir. Apr. 7, 1993), controls this case.

used in the Missouri bank robbery was a dangerous weapon warranting a three-level increase in his base offense level. U.S.S.G. § 2B3.1(b)(2) provides for a three-level increase for displaying a dangerous weapon. Even unloaded pellet guns are considered dangerous weapons. *See* § 1B1.1, comment. (n. 1(d) and (e)); *United States v. Gray*, 895 F.2d 1225 (8th Cir.1990). Therefore, even if Elliott's PSR cited to the wrong subparagraph of § 2B3.1(b)(2) in recommending the three-level enhancement, the district court's finding that Elliott's use of a dangerous weapon warranted the enhancement was not clearly erroneous.

The judgment of the district court is affirmed.

RICHARD S. ARNOLD, Chief Judge, concurring in part and dissenting in part.

I join the opinion of the Court, except with respect to part I.B. In my view, the question whether Elliott's five prior felony convictions, which he claims were constitutionally invalid, can be used against him for purposes of increasing his base offense level in this case is foreclosed by precedent in this Court. *United States v. Norquay*, 987 F.2d 475 (8th Cir.1993). This panel is without authority to reach a conclusion at odds with that of the *Norquay* panel.

In *Norquay*, this Court held that the Sixth Amendment prohibits the use of uncounseled misdemeanor convictions as a basis for enhancing a sentence of imprisonment. 987 F.2d at 482. I take it no one would contend that the United States Sentencing Commission has the power to authorize a violation of the Constitution. The Court holds today that *Norquay* is not in point because uncounselled convictions, either obtained or used in violation of the Sixth Amendment, are somehow distinguishable from convictions whose constitutional validity is disputed on other grounds. Here, Elliott claims not that his previous convictions are invalid because he was without counsel, but that they are invalid because no competency hearings were conducted before trial or plea of guilty, in violation of the due-process rule contained in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). If there is a distinction,

which I doubt, it seems rather to cut in favor of Elliott's argument than against it. The invocation of *Pate* implies a claim that Elliott was unable to understand what he was doing when he pleaded guilty or was tried, or at least that the circumstances raised a sufficient doubt of his ability in that respect to require an evidentiary hearing. If it is the factual reliability of a previous conviction that concerns us, I would think that a plea of guilty, for example, entered by an incompetent is at least as likely to be unreliable as a matter of fact as a conviction entered without benefit of counsel.

The Court suggests, *ante* at 857 n. 4, that constitutionally invalid convictions may be factually more reliable than other conduct that has been considered for sentence enhancement, such as pending indictments, indictments that did not result in trial or conviction, charges on which the defendant was acquitted, and uncharged conduct. This may well be true. (I leave to one side, at least for the moment, whether the cases cited for these assertedly comparable propositions are themselves correct.) The basic point here, though, is not factual reliability: it is compliance with the Constitution. Where the circumstances raise a reasonable doubt as to a defendant's competence before trial, a conviction obtained without a competency hearing is simply beyond the power of government. Such a procedure is fundamentally unfair. The Due Process Clause, either of the Fifth or Fourteenth Amendment, says that government may not employ it. Factual reliability is beside the point. The Constitution requires that certain procedures be used in certain situations. If they are not, resulting convictions are without legal effect.

In any event, as I noted at the beginning of this opinion, *Norquay* forecloses this question. *Norquay* is a different case, to be sure, but it is not distinguishable on any principled basis.