**UNITED STATES of America**

v.

**Michael RICKS, Appellant.**

**No. 93–5171.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 14, 1993.

Decided Sept. 17, 1993.

Michael Chertoff, Edna B. Axelrod, Glenn J. Moramarco, Office of U.S. Atty., Newark, NJ, for appellee.

David E. Schafer, Office of Federal Public Defender, Trenton, NJ, for appellant.

Before: SLOVITER, Chief Judge, and MANSMANN and GREENBERG, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

Michael Ricks appeals his sentence as a career offender, alleging that the district court committed legal error when it utilized his 1986 guilty plea to a state offense of burglary for which he received 90 days imprisonment, probation and a fine. Ricks asserts that since his actual sentence was less than one year, it could not serve as one of the "two prior felony convictions" required by U.S.S.G. §§ 4B1.2(1)(ii), 4B1.2(3).

Although we conclude that Ricks' arguments lack merit and we will affirm, we write to clarify that Ricks' primary argument depends entirely on dictum in *United States v. Shoupe*, 929 F.2d 116, 121 n. 3 (3d Cir.) ("*Shoupe I* "), *cert. denied*, —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991), dictum that conflicts with the Sentencing Guidelines and with caselaw, dictum that we therefore cannot follow.

## I.

■ We have jurisdiction of a final judgment of the district court, which had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. *See* 18 U.S.C. § 3742; 28 U.S.C. § 1291. We exercise plenary review of the district court's application of legal precepts. *See, e.g., United States v. McAllister*, 927 F.2d 136, 137 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991); *United States v. LaFrombois*, 943 F.2d 914, 915 (8th Cir.1991). We review the district court's findings of fact for clear error. *See, e.g., United States v. McMillen*, 917 F.2d 773, 774 (3d Cir.1990); *LaFrombois*, 943 F.2d at 915.

## II.

■ The Career Offender provision increases a defendant's sentence if the defendant, among other things, has "at least two prior felony convictions" involving drugs or a "crime of violence." U.S.S.G. § 4B1.1(3). "Burglary of a dwelling" constitutes a "crime of violence" when the offense is "punishable by imprisonment for a term exceeding one year." § 4B1.2(1). The commentary ampli-

fies that "felony conviction" means a conviction punishable by a term of imprisonment exceeding one year, "regardless of the actual sentence imposed." § 4B1.2 application note 3. In *McAllister,* we clearly indicated that the actual sentence imposed does not determine whether a prior conviction should be counted for purposes of § 4B1.1. *See McAllister,* 927 F.2d at 138 (citing § 4B1.2 application note 3). *Accord United States v. Belanger,* 936 F.2d 916, 920 (7th Cir.1991); *United States v. Brown,* 903 F.2d 540, 543 n. 8 (8th Cir.1990); *United States v. Raynor,* 939 F.2d 191, 194–95 (4th Cir.1991); *United States v. Davis,* 932 F.2d 752, 764 (9th Cir. 1991); *United States v. Sanchez,* 917 F.2d 607, 615–16 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991).

Ricks nevertheless argues that because he received only 90 days, his burglary was not "punishable" by more than one year and therefore should not have been counted. Ricks relies on footnote 3 in *Shoupe I,* 929 F.2d at 121 n. 3. In *Shoupe I,* the defendant argued that because his prior convictions had involved cooperation with authorities, the district court had properly departed downward. We disagreed and remanded, noting that only the government may move for a departure based upon cooperation. *Shoupe I,* 929 F.2d at 120–21. In footnote 3, we remarked:

> Moreover, the career offender guideline already incorporates a considered decision by the Commission regarding the way in which cooperation for prior offenses generally should be taken into account. Under the career offender guideline, only those convictions resulting in prison sentences exceeding one year are counted. Sections 4B1.1, 4B1.2 and Application Note 3. If a defendant provided cooperation before sen-

tencing for a prior offense, the sentence imposed for that offense presumably reflects consideration of that cooperation to whatever degree the sentencing court felt was appropriate. If the prior conviction resulted in a sentence of less than one year in light of cooperation, that prior conviction is not counted under the career offender guideline. Conversely, if the prior conviction resulted in a sentence exceeding one year despite cooperation, that prior conviction is counted. This scheme takes past cooperation into account, but it does not call upon a federal court applying the career offender guideline to perform the daunting task of making a new assessment of cooperation furnished in relation to past offenses. Because this scheme already takes past cooperation into account, departure based on past cooperation is generally not permissible. *But see* Section 4A1.3.

*Id.* at 121 n. 3.

■ This footnote does not aid Ricks because it is dictum, that is, it contains propositions not essential to the determination of *Shoupe I.* Moreover, it conflicts with the plain text of the Guidelines, with our precedent and with federal caselaw generally. We are therefore constrained to hold that the dictum of footnote 3 in *Shoupe I* "is not and has never been law in this court and therefore never achieved the jurisprudential quality of a decision." *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 104 n. 7 (3d Cir.1981).[1]

### III.

■ Because Ricks' argument regarding the relevance of his prior sentence lacks merit and because his alternative argument also

---

1. The footnote is also internally inconsistent since it cites application note 3, which states that the actual prior sentence.is irrelevant. Similarly the footnote conflicts with the main body of the *Shoupe I* decision, which states that a "crime of violence" includes any offense *"punishable* by more than one year's imprisonment." 929 F.2d at 118 (emphasis added).

At most, the footnote refers obliquely to U.S.S.G. § 4A1.3, which allows downward departure if criminal history over-represents the actual seriousness of the defendant's past con-

duct. *See United States v. Shoupe,* 988 F.2d 440, 443 n. 5 (3d Cir.1993) (*"Shoupe II"*) ("Whatever the majority's intent [in *Shoupe I,* footnote 3]. Shoupe may have taken this [dictum] as a suggestion that § 4A1.3 be applied on remand").

Ricks argued for a § 4A1.3 departure but, because of Ricks' prior assaults against the victim in this case, the district court determined that the balance between departure and deterrence counseled sentencing Ricks at the bottom of the range for career offenders. Ricks does not challenge the court's refusal to depart on § 4A1.3 grounds.

lacks merit,[2] we will affirm the judgment of the district court.

---

**2.** Ricks challenged the constitutionality of the burglary conviction by asserting that he had pled guilty without knowing that conviction would have required proof that he entered the dwelling or that he aided and abetted his accomplices. At the original burglary plea colloquy in the Superior Court of New Jersey, Ricks had described his involvement in the crime: "I was with two people. I just stood at the window."

The district court found that the plea was knowing. That finding is supported by the record. *See* Supp.App. at 13–18 (transcript of burglary guilty plea colloquy); *id.* at 14 (counsel's representation at burglary plea that he had ex-

plained the plea agreement and Ricks' rights prior to proceeding). Indeed, given the discrepancies in Ricks' submissions, the district court need not have accorded any credibility to Ricks' nontestimonial submissions in this case. For example, in discussing his criminal history with a probation officer, Ricks described his role in the burglary as "outside lookout," a description that suggests Ricks knew at the time he pled guilty that aiding and abetting were elements of the burglary. Because Ricks did not show that his guilty plea was unknowing or involuntary, his collateral attack on the burglary conviction lacks merit.