**UNITED STATES of America, Appellee,**

v.

**Terrance Wayne PORTER, Appellant.**

**No. 93–1896.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 4, 1993.

Decided Jan. 6, 1994.

Terry L. Hegna, St. Paul, MN, for appellant.

Nathan P. Petterson, Minneapolis, MN, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

Terrance Wayne Porter appeals the 135–month sentence imposed by the district court[1] after he pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. We affirm.

The presentence report (PSR) set Porter's base offense level at 36, subtracted two levels for his minor role in the offense, and subtracted three more levels for his acceptance of responsibility. In calculating the criminal history category under U.S.S.G. § 4A1.1, the

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

PSR assessed two points because of a 1991 California misdemeanor conviction for which Porter served 365 days in jail. The PSR added two additional points because Porter committed the instant offense less than two years after his release from California state custody. The total of four points resulted in a criminal history category of III. With a total offense level of 31, the Guidelines range was 135 to 168 months.

Porter objected to inclusion of the 1991 conviction. He argued the conviction was constitutionally invalid because he did not knowingly and voluntarily waive his right to counsel or other constitutional rights. The probation officer provided the court with documents relating to the 1991 conviction, including a copy of the plea hearing transcript and a copy of a form signed by Porter entitled, "Advisement of Rights and Certain Court Procedures." The form advised Porter of various rights, including his right to court-appointed counsel. Porter signed the form under an acknowledgement that stated, "I CERTIFY THAT I HAVE READ AND UNDERSTOOD THE ABOVE RIGHTS." The plea hearing transcript reflects that the court asked Porter if he had read the form carefully before signing it, whether he understood the rights explained in the form, and whether he wished to give up those rights and plead no contest to the charges. Porter answered in the affirmative to all of the questions.

The district court overruled Porter's objection. The court noted that the conviction had not been previously ruled invalid and thus, relying on *United States v. Hewitt*, 942 F.2d 1270, 1276 (8th Cir.1991), the court concluded that the conviction should be included in the calculation of Porter's criminal history category.

Porter now argues that the Sentencing Guidelines give a district court discretion to exclude uncounseled misdemeanor convictions from a defendant's criminal history score. Porter argues in the alternative that he has a constitutional right to collaterally attack his prior conviction in a federal sentencing hearing.

█ Application Note 6 to U.S.S.G. § 4A1.2 states that "sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." Applying Application Note 6, we held in *Hewitt* that the defendant failed to show that his prior conviction had been previously ruled constitutionally invalid, and thus, it was properly included in the calculation of his criminal history category. *Hewitt*, 942 F.2d at 1276. Shortly after the district court sentenced Porter, we held that "*Hewitt* correctly concluded that we must follow ... Application Note 6 except when the Constitution requires that a collateral attack at sentencing be permitted." *United States v. Elliott*, 992 F.2d 853, 856 (8th Cir.), *petition for cert. filed*, 61 U.S.L.W. 2747 (U.S. Aug. 9, 1993) (No. 93–5570).

The district court below correctly relied upon *Hewitt* to preclude Porter from collaterally attacking the prior misdemeanor conviction at sentencing. The conviction had not been "previously ruled constitutionally invalid." U.S.S.G. § 4A1.2, comment. (n.6). Furthermore, Porter failed to offer any support for his bare allegation that he waived his constitutional rights unknowingly and involuntarily. Porter read a pre-printed form which explained his constitutional rights, and he waived them by signing the form. Additionally, the plea hearing transcript reveals that the state trial judge asked Porter if he understood his constitutional rights and knew that he was waiving them, and Porter answered that he did. Based upon this record, the district court properly determined that Porter's uncounseled conviction was "facially valid." (Sent.Tr. at 14.) Because Porter has not demonstrated that a collateral attack on his facially valid prior conviction is "necessary to prevent the erosion of" the right to counsel or that he was sentenced with "misinformation of constitutional magnitude," *Elliott*, 992 F.2d at 857, the district court properly included the prior uncounseled misdemeanor conviction in the calculation of Porter's criminal history category. We note that Porter's collateral attack fails on the merits as well. The record supports a conclusion that Porter knowingly and voluntarily waived his rights because Porter proffered no evidence to prove that his waiver of counsel was invalid.

Accordingly, we affirm the judgment of the district court.

MORRIS SHEPPARD ARNOLD, Circuit Judge, with whom McMILLIAN, Circuit Judge, joins, concurring.

I concur in the result because under the current state of the record no reasonable fact-finder could have concluded that Porter did not waive his right to counsel prior to pleading guilty to the misdemeanor charge in California.