UNITED STATES of America, Appellee,

v.

**Jeffery T. JONES, Appellant.**

No. 94–1384.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1994.

Decided June 28, 1994.

Glenn A. Shapiro, Omaha, NE, for appellant.

Daniel A. Morris, Omaha, NE, for appellee.

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Jeffery T. Jones pleaded guilty to possession with intent to distribute crack cocaine within one thousand feet of a school in violation of 21 U.S.C. § 860. When sentencing Jones in January 1994, the district court classified Jones as a career offender under U.S.S.G. § 4B1.1 and thus assigned him a higher offense level than would otherwise apply. Jones appeals his sentence, challenging his career offender classification. We affirm.

The Sentencing Guidelines define a career offender as a defendant with "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3) (Nov. 1993). The presentence report (PSR) and the district court based Jones's career offender classification on a Nebraska controlled substance conviction and a Texas aggravated robbery conviction. Jones had pleaded guilty to both crimes. At sentencing, the Government introduced copies of the judgment, sentence, and docket sheet for each conviction. Jones argued the Nebraska conviction should not be counted because his attorney in the Nebraska proceedings had a conflict of interest. The district court found the guilty pleas underlying both state convictions were voluntarily entered, Jones was fully advised of his rights, and he waived those rights. The

court also found the Nebraska conviction was constitutional on its face, and there was no reason for holding the conviction constitutionally invalid. The court found the PSR correctly calculated a total offense level of 31, and sentenced Jones to 188 months in prison.

 On appeal, Jones contends the district court should not have counted his Nebraska conviction towards career offender status under U.S.S.G. § 4B1.1. Jones asserts his Nebraska conviction was unconstitutional because his Nebraska attorney had a conflict of interest. We conclude the district court was correct in counting Jones's Nebraska conviction. When deciding a defendant's career offender status under § 4B1.1, the district court should count earlier convictions unless the convictions "(A) have been reversed or vacated . . ., or (B) have been ruled constitutionally invalid in a prior case." U.S.S.G. § 4A1.2 n. 6 (Nov. 1993) (definitions and instructions for computing criminal history); *see id.* § 4B1.2 n. 4 (stating provisions of § 4A1.2 apply to counting convictions under § 4B1.1). Because Jones's Nebraska conviction had not been reversed or vacated or "ruled constitutionally invalid in a prior case," the district court properly counted the conviction towards career offender status under § 4B1.1. *Id.* § 4A1.2 n. 6; *see United States v. Elliott,* 992 F.2d 853, 855–58 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2139, 128 L.Ed.2d 868 (1994); *United States v. Hewitt,* 942 F.2d 1270, 1276 (8th Cir.1991).

 The Sentencing Guidelines simply preclude Jones from collaterally attacking his Nebraska conviction in this federal sentencing proceeding. The Guidelines do not give a defendant "any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. § 4A1.2 n. 6. Jones has identified no law, statutory or otherwise, conferring a right to attack his earlier convictions during his sentencing. Although 21 U.S.C. § 851 expressly provides that a defendant convicted under § 860 may collaterally attack earlier convictions used to increase the defendant's punishment, *see* U.S.S.G. § 4A1.2 n. 6, the Government sought to enhance Jones's base offense level under U.S.S.G. § 4B1.1,

not under 21 U.S.C. § 851. Thus, we must follow the plain meaning of § 4A1.2 n. 6, unless the Constitution requires us to allow a collateral attack at sentencing. *Elliott,* 992 F.2d at 856. The Constitution only requires federal courts to permit a collateral attack on an earlier state conviction during federal sentencing when the defendant asserts the state court violated the defendant's right to appointed counsel. *See United States v. Custis,* —— U.S. ——, ——, ——, 114 S.Ct. 1732, 1734–35, 1737–39, 128 L.Ed.2d 517, (1994) (absent express statutory authority or complete lack of representation by counsel during earlier state proceedings, defendant cannot use federal sentencing forum to gain review of state convictions used to enhance defendant's sentence under 18 U.S.C. § 924(e) (corresponding to U.S.S.G. § 4B1.4)). Because Jones was represented by counsel when he pleaded guilty to the Nebraska crime, Jones cannot collaterally attack the Nebraska conviction used to establish his career offender status. *See Elliott,* 992 F.2d at 856–58.

Even if Jones could collaterally attack his Nebraska conviction, Jones failed to produce evidence showing the conviction was unconstitutional. *See Hayes v. Lockhart,* 766 F.2d 1247, 1249 (8th Cir.) (joint representation of codefendants is not a per se violation of constitutional guarantee of effective assistance of counsel), *cert. denied,* 474 U.S. 922, 106 S.Ct. 256, 88 L.Ed.2d 263 (1985); *Christian v. Housewright,* 721 F.2d 240, 243 (8th Cir.1983) (defendant must show actual conflict of interest adversely affected lawyer's performance). As a result, the district court properly concluded Jones did not prove a constitutional violation.

We affirm Jones's sentence.