**UNITED STATES OF AMERICA,**
**Appellee,**

v.

**Sergio HERNANDEZ–ARELLANO,**
**Appellant.**

**No. 01–1642.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 20, 2002.

Decided Aug. 26, 2002.

Before WOLLMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

PER CURIAM.

Sergio Hernandez–Arellano pleaded guilty to illegal reentry following deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). The district

---

**1.** The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.

court[1] sentenced him to 70 months imprisonment and 3 years supervised release, and fined him $500. On appeal, counsel has filed a brief and moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Defendant has filed a pro se supplemental brief, as well as a motion for appointment of counsel.

We address and reject seriatim the issues noted in counsel's brief. First, based on our review of the record, we conclude that the guilty plea was valid. Second, defendant's prior offense of transporting aliens constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(A). *See* 8 U.S.C. § 1101(a)(43)(N) (defining "aggravated felony"). Third, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is inapplicable here. *See United States v. Raya–Ramirez*, 244 F.3d 976, 977 (8th Cir.), *cert. denied,* ―― U.S. ――, 122 S.Ct. 223, 151 L.Ed.2d 160 (2001). Fourth, defendant's dissatisfaction with the use of his prior convictions in calculating his criminal history constituted an impermissible collateral attack. *See* U.S.S.G. § 4A1.2, comment. (n.6); *United States v. Jones*, 28 F.3d 69, 70 (8th Cir.1994) (per curiam).

Additionally, we are unpersuaded by the arguments presented in the pro se supplemental brief. Defendant's issues with his counsel's performance are not properly before us in this direct criminal appeal, *see United States v. Martin*, 59 F.3d 767, 771 (8th Cir.1995), and defendant's belief that his sentence (at the bottom of the applicable Guidelines range) was too harsh does not per se provide a jurisdictional basis for review, *see* 18 U.S.C. § 3742(a) (grounds for appeal of sentence by defendant).

---

1. The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we affirm the judgment, and we deny the motion for appointment of counsel.