**UNITED STATES of America, Appellee,**

v.

**Jack Hubert DEATON, Jr., Appellant.**

**No. 93–1568.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1993.

Decided Dec. 30, 1993.

George W. Appleby V, Des Moines, IA, argued, for appellant.

Gary Lee Hayward, Asst. U.S. Atty., Des Moines, IA, argued, for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and WRIGHT,* District Judge.

FAGG, Circuit Judge.

In 1986, Jack Hubert Deaton, Jr. pleaded guilty to possession with intent to distribute cocaine under a plea agreement with the Government. The plea agreement provided the Government would "not take action to administratively or judicially forfeit [Deaton's] residence ... or [Deaton's] household

belongings." After serving part of his ten-year sentence for the 1986 crime, Deaton was paroled. Deaton apparently returned to his old ways, however. During the execution of a search warrant at Deaton's home in October 1991, officers found cocaine and marijuana. Deaton's parole was revoked and he was also arrested for possession with intent to distribute cocaine.

In July 1992, the Government filed a complaint for forfeiture against Deaton's residence. In its allegations of facts and circumstances supporting probable cause for forfeiture, the Government pointed to the 1986 seizure of cocaine and money from Deaton's home, and Deaton's 1986 arrest and prison sentence. The Government also relied on the 1991 seizure of cocaine and money from Deaton's residence, his resulting arrest, and the fact that Deaton's conduct in 1991 violated federal drug laws.

Deaton then filed this motion to vacate his 1986 sentence under 28 U.S.C. § 2255. Deaton alleged the Government breached the 1986 agreement by seeking the forfeiture of his residence in 1992. Without conducting an evidentiary hearing, the district court summarily dismissed Deaton's motion, concluding Deaton's contentions did not entitle him to have his sentence vacated, set aside, or corrected. Deaton appeals.

We affirm the summary dismissal of a § 2255 motion if, after reviewing the case de novo, we are convinced " 'the motion and the files and record of the case conclusively show that [the movant] is entitled to no relief.' " *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir.1992) (quoting 28 U.S.C. § 2255).

If Deaton showed the Government violated the plea agreement, we could order specific performance of the plea agreement (here, dismissal of the forfeiture action) or allow Deaton to withdraw his guilty plea. *See United States v. Olesen*, 920 F.2d 538, 540 (8th Cir.1990) (direct appeal); *Kingsley v. United States*, 968 F.2d 109, 113 (1st Cir. 1992) (§ 2255 motion). At this stage of the

* The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation.

forfeiture proceedings, however, Deaton cannot make this showing.

 Although the forfeiture action has not been formally stayed, the Government states it has not pursued the forfeiture pending disposition of this appeal. Thus, Deaton is unable to show that a probable cause finding relying on Deaton's 1986 conduct has been made. We agree with Deaton that the Government cannot seek forfeiture of his home based on his 1986 conduct. Nevertheless, it is clear to us that the Government only promised not to seek forfeiture based on Deaton's criminal activity in 1986. The plea agreement does not preclude the Government from seeking forfeiture of Deaton's home later if Deaton engaged in future conduct warranting forfeiture.

Under the circumstances, we cannot say the mere filing of the forfeiture complaint violates the plea agreement. Although the forfeiture complaint refers to Deaton's 1986 conduct as well as his 1991 conduct, we believe the statements about the 1986 conduct are merely background information. As we read the forfeiture complaint, the Government is not seeking forfeiture of Deaton's home based on his 1986 drug activity, which would violate the plea agreement, and instead, is relying solely on Deaton's 1991 drug activity to show probable cause for the forfeiture. We leave it to Deaton and the Government to clarify the basis for forfeiture in the forfeiture proceeding.

Given Deaton's failure to show the Government has already breached the plea agreement, we affirm the district court's dismissal of Deaton's § 2255 motion.