46 F.3d 1137
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Charles L. NICHOLS, Appellant.
 No. 94-2461.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan.6, 1995.
Filed: Jan. 23, 1995.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles L. Nichols appeals his 46-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 Nichols's presentence report (PSR) indicated a base offense level of 26, a four-level increase pursuant to U.S.S.G. Sec. 3B1.1(a) for being an organizer or leader of a criminal activity involving at least five participants, and a three-level acceptance-of- responsibility reduction. The PSR indicated a Guidelines range of 70 to 87 months, and a statutory mandatory minimum sentence of five years.
 
 
 3
 Nichols objected to the PSR, arguing he should not receive a four-level increase for being an organizer or leader. The parties subsequently stipulated to a series of facts regarding Nichols's role in the offense. At sentencing, Nichols argued, relying on the stipulation of facts, that merely acting as a buyer or seller does not confer a leadership role. Based on the evidence and Nichols's plea, the court imposed a three-level enhancement for being a manager or supervisor. The court granted the government's substantial assistance motion and sentenced Nichols to 46 months imprisonment and four years supervised release.
 
 
 4
 On appeal, Nichols argues the district court's three-level enhancement for a supervisory or managerial role was not supported by the evidence. The Guidelines provide for a three-level increase if a defendant was a manager or supervisor (but not an organizer or leader) of a criminal activity involving five or more participants. Section 3B1.1(b). A participant need not have been convicted, but must be "criminally responsible for the commission of the offense." Section 3B1.1, comment. (n.1). This court will not reverse a district court's determination of a defendant's role in criminal activity unless it is clearly erroneous. United States v. Miller, 995 F.2d 865, 868-69 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993).
 
 
 5
 We conclude Nichols's plea agreement and sentencing stipulations support a three-level enhancement. Nichols stipulated that he organized the distribution of marijuana in St. Louis; that he arranged to have one participant receive, store, and later deliver the marijuana to a second participant; that he directed the second participant to bring the marijuana to the bar he owned and deliver it to a third participant; and that he set the prices and allowed payment to be deferred until after the marijuana was sold. See United States v. Tangeman, 30 F.3d 950, 953 (8th Cir.) (upholding three-level enhancement where defendant exercised control over cocaine sales and negotiated for purchase of cocaine), cert. denied, 115 S. Ct. 532 (1994); United States v. Schwarck, 961 F.2d 121, 123 (8th Cir. 1992) (finding evidence that defendant bought cocaine from suppliers, resold it to distributors, shared in profits, and decided when he would sell cocaine, and to whom he would sell it sufficient to sustain three-level increase).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri