46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Lonnie SMITH, Jr., Appellant.
 No. 94-2720.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 30, 1994.
Filed: Jan. 26, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lonnie Smith, Jr., appeals his 72-month sentence imposed by the district court[1] after he pleaded guilty to drug charges. We affirm.
 
 
 2
 Smith pleaded guilty to distributing more than five grams of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). Smith's presentence report (PSR) indicated a base offense level of 26, a three-level reduction for accepting responsibility, a criminal history category of IV, a Guidelines range of 70 to 87 months, and a statutory mandatory minimum sentence of five years. Smith's criminal history category was based on 7 criminal history points: 3 points for a 1992 conviction (when Smith was 17 years old) for possession of a controlled substance with intent to deliver; 1 point for an August 17, 1992 conviction involving charges of DWI, possession of drugs, reckless driving, unlawful tinting of windows, three safety belt violations, driving without a license, three traffic violations, and no proof of insurance; 2 points for committing the instant offense while under a criminal justice sentence; and 1 point for committing the instant offense less than two years after release from imprisonment. Both 1992 convictions were based on Smith's guilty pleas.
 
 
 3
 Smith filed objections to the PSR, arguing, inter alia, that he should not have received a criminal history point for his August 1992 conviction because he committed the offense when he was younger than 18 years old and it was an uncounselled plea to a misdemeanor.
 
 
 4
 At sentencing, Smith reiterated this objection and also argued that the court should depart downward because his criminal history category overrepresented the seriousness of his criminal history. Testimony was heard, and Smith introduced copies of the judgment book entries for the August 1992 misdemeanor conviction and also the plea statement and waiver form he signed in that case. The court overruled Smith's objections, finding Smith's testimony inconsistent: Smith had testified at first that the judge, and later that the prosecutor, had discussed the plea statement and waiver of counsel before Smith signed it. The court found that Smith properly waived counsel, and that the municipal court sentence entailed "confinement"; and determined the 1-point conviction was properly counted. The court then refused to depart downward, adopted the PSR's calculations, and sentenced Smith to 72 months imprisonment and four years supervised release.
 
 
 5
 On appeal, Smith argues the district court's consideration of his August 1992 misdemeanor conviction to enhance his criminal history category and the court's failure to consider his U.S.S.G. Sec. 4A1.3 downward departure motion constitute reversible error.
 
 
 6
 Smith argues that if his DWI conviction-committed when he was only seventeen-did not entail confinement, it should not be counted under U.S.S.G. Sec. 4A1.2(d), and if it did entail confinement, it should not be counted because his right to counsel was violated. Under section 4A1.2(d), the guideline for offenses committed prior to age eighteen, "only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted." Section 4A1.2, comment. (n.7).
 
 
 7
 Here, the district court determined at sentencing that confinement was imposed for the conviction. The evidence presented at sentencing supports this conclusion: Smith's testimony that he spent two days in jail was uncontroverted; his waiver form clearly states a penalty range for his offense of 24 hours to one year imprisonment; and the judgment specifies a one-day, time served sentence.
 
 
 8
 We conclude that Smith's prior uncounselled misdemeanor conviction was properly counted in his criminal history calculation because Smith intelligently and competently waived his right to counsel. See United States v. Porter, 14 F.3d 18, 19 (8th Cir. 1994). Smith checked and initialled the rights delineated on his waiver form. His particular penalty range was specified on the form. He testified that the form was read to him, and the judge later spoke with him and offered to provide him with a lawyer.
 
 
 9
 Finally, a court's decision not to depart downward under section 4A1.3, where the court is aware of its authority to do so, is nonreviewable. United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993). Here, the parties agreed at sentencing that the court had authority to depart; the court acknowledged the departure cases Smith cited but found them unpersuasive under these circumstances, and refused counsel's request.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas