46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Patricia LOCKETT, also known as TC, also known as Zayia
Tazzer, also known as Kamesha Danyel, Appellant.
United States of America, Appellee,
v.
Alphonso Prince, also known as Poochie, also known as
Alphonso James, Appellant.
 No. 94-1919, No. 94-1918.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 6, 1995.
Filed: Jan. 31, 1995.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government charged Patricia Lockett and Alphonso Prince with conspiring to possess cocaine base (crack) and cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846; aiding and abetting the possession of crack and cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; aiding and abetting the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C Secs. 924(c)(1) and 2; and possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922(g)(1). On the first day of trial, Lockett and Prince complained to the district court[1] that they were dissatisfied with their attorneys and indicated they wanted new counsel. The district court refused to grant a continuance and substitution of counsel. Defendants proceeded to trial, and the jury returned guilty verdicts on all charges. The court later sentenced Lockett to a total of 336 months in prison and five years of supervised release. The court sentenced Prince to a total of 322 months in prison and five years of supervised release. Lockett and Prince appeal their convictions and sentences. We affirm.
 
 
 2
 Lockett and Prince first argue that the district court violated their Sixth Amendment rights when it denied their requests for substitution of counsel without sufficiently inquiring into the underlying reasons. See Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991) (district court must inquire thoroughly into facts underlying defendant's dissatisfaction with counsel when defendant raises seemingly substantial complaint about counsel). The district court tried to extract from both Lockett and Prince the basis for their professed dissatisfaction with counsel, but they responded only vaguely about not trusting counsel and not being satisfied with the level of representation. We believe the court discharged its duty of inquiry. We also believe the court did not abuse its discretion in refusing to grant a continuance and substitution of counsel, because appellants did not make the requisite showing of justifiable dissatisfaction. See United States v. Swinney, 970 F.2d 494, 499 (8th Cir.), cert. denied, 113 S. Ct. 632 (1992) and 113 S. Ct. 1650 (1993). Lockett urges us to find that post-trial complaints she made about counsel show justifiable dissatisfaction. The short answer is that the material was not before the district court when Lockett complained to the court about counsel on the first day of trial.
 
 
 3
 Next, Lockett and Prince challenge the district court's enhancement of their sentences for obstruction of justice under U.S.S.G. Sec. 3C1.1. Relevant to this appeal, the government presented evidence that Lockett and Prince had lived in an apartment in which authorities found drugs and firearms. A caretaker of the apartment building, Kimberly Meyer, testified at trial that Lockett had called her once or twice a week after the search; during these calls, Lockett had stated that the only way she could escape conviction was if Meyer testified that Lockett did not live at the apartment. Meyer also testified that Prince wanted her to testify that he and Lockett did not live in the apartment. Meyer testified that such statements by her would have been untrue. The district court found, based on its observation of Meyer at trial, that defendants had tried to influence her to offer false testimony. We think the district court's finding is not clearly erroneous, and that the court properly applied the enhancement. See United States v. McIntosh, 23 F.3d 1454, 1459 (8th Cir.) (district court's findings in support of Sec. 3C1.1 enhancement reviewed for clear error), cert. denied, 115 S. Ct. 333 (1994); U.S.S.G. Sec. 3C1.1, comment. (nn.3(a), (b)) (conduct warranting enhancement includes unlawfully influencing or attempting to influence witness directly or indirectly, and "committing, suborning, or attempting to suborn perjury"). Although appellants argue there was no evidence of coercion, none was necessary. See United States v. Larson, 978 F.2d 1021, 1025-26 (8th Cir. 1992).
 
 
 4
 Finally, Lockett argues the district court abused its discretion by imposing a prison sentence on her that was fourteen months longer than Prince's sentence. This argument fails. See United States v. Granados, 962 F.2d 767, 774 (8th Cir 1992) (codefendant's sentence not yardstick for defendant's own sentence). The record indicates that the court, in sentencing Lockett, considered her offense conduct, her attitude, and the need to deter others. See id. (judge accorded wide discretion in determining appropriate sentence; although Guidelines intended to avoid disparate sentences, disparity will exist when sentences are based on facts of individual defendant's case).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota