46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Gary Joe RITNOUR, Appellant.
 No. 94-2947.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 20, 1995.
Filed: Feb. 1, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary Ritnour appeals from the final judgment entered in the district court[1] denying his 28 U.S.C. Sec. 2255 motion. For the reasons set forth below, we affirm.
 
 
 2
 Pursuant to a plea agreement, Ritnour pleaded guilty to one count of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Applying 21 U.S.C. Sec. 841(b)(1)(C) and the Sentencing Guidelines, the court sentenced Ritnour to a 37-month term of imprisonment and a 5-year term of supervised release and, as a condition of supervised release, prohibited him from purchasing, possessing, or using alcohol. Ritnour did not appeal his sentence.
 
 
 3
 In this section 2255 motion, Ritnour alleged his attorney had advised him that no grounds existed upon which to appeal; argued the court erroneously imposed a five-year rather than a three-year supervised release term, contrary to statutory authority, the Sentencing Guidelines, and the terms of his plea agreement and his plea petition; and further argued that the no-alcohol condition was not reasonably related to the nature and circumstances of his conviction. The district court concluded the sentencing court did not err and denied Ritnour's motion.
 
 
 4
 We address the merits of Ritnour's claims because the district court did so. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam). We review the denial of Ritnour's section 2255 motion de novo and, as it was denied without a hearing, will affirm only if the motion, files, and records conclusively show he is not entitled to relief. See United States v. Deaton, 13 F.3d 270, 271 (8th Cir. 1993). We conclude the district court properly denied Ritnour's motion.
 
 
 5
 "[E]xcept as otherwise provided," a sentencing court may impose a term of supervised release of up to three years for a defendant convicted of a Class C felony. 18 U.S.C. Sec. 3583(b)(2). The language, "except as otherwise provided," was added by the Anti-Drug Abuse Act (Act) of 1986 to avoid conflicts with other statutes authorizing supervised release terms in excess of those authorized by section 3583(b). See United States v. LeMay, 952 F.2d 995, 998 (8th Cir. 1991) (per curiam). As Ritnour was sentenced pursuant to section 841(b)(1)(C), which was also enacted as part of the Act and which requires a supervised release term of at least three years, we conclude that Ritnour's five-year supervised release term was permissible, notwithstanding section 3583(b). See id.; United States v. Mora, 22 F.3d 409, 412 (2d Cir. 1994); United States v. Eng, 14 F.3d 165, 172-73 (2d Cir.), cert. denied, 115 S. Ct. 54 (1994). Ritnour's reliance on U.S.S.G. Sec. 5D1.2(b)(2) is misplaced because section 841(b)(1)(C) specifies a minimum term of supervised release. See United States v. Simpson, 7 F.3d 813, 817 n.2 (8th Cir. 1993) (section 841(b)(1)(C) mandates minimum three-year supervised release term); see also U.S.S.G. Sec. 5D1.2(a) (requiring court to impose supervised release term between three and five years for defendant convicted under statute requiring such term of supervised release).
 
 
 6
 We also disagree with Ritnour's contention that the plea agreement constituted an enforceable promise requiring the court to impose a three-year supervised release term. Rather, the agreement set forth the possible punishment Ritnour exposed himself to by pleading guilty; furthermore, he acknowledged in his plea petition that his actual sentence was at the court's discretion. Cf. United States v. Oyegbola, 961 F.2d 11, 14 (1st Cir. 1992) (no promise made or broken where agreement used language describing defendant's possible sentence), petition for cert. filed, No. 92-5047 (U.S. Jun. 25, 1992).
 
 
 7
 Finally, we conclude the district court acted within its "wide discretion" in imposing the no-alcohol condition. See United States v. Prendergast, 979 F.2d 1289, 1292 (8th Cir. 1992). The PSR referred to Ritnour's self-described extensive history of alcohol abuse and a chemical dependency evaluation which indicated he was "very likely chemically dependent." Moreover, Ritnour admitted that he bought cocaine from an individual whom he had met at "beer" parties he hosted, which he then sold to friends. We agree with the district court that the condition is reasonably related to the nature and circumstances of Ritnour's offense, his history and characteristics, the need to deter and protect the public from future criminal conduct, and the need to provide him with necessary medical care or other correctional treatment; nor does the condition involve a greater deprivation of Ritnour's liberty than is necessary. See 18 U.S.C. Secs. 3553(a), 3583(d); U.S.S.G. Sec. 5D1.3; Prendergast, 979 F.2d at 1292-93.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska