46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ronald Dewayne RICHMOND, Appellant.
United States of America, Appellee, [UNPUBLISHED]
v.
William Roy Bennett, Appellant.
 Nos. 94-2098, 94-2100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 15, 1994.
Filed: Feb. 8, 1995.
 
 Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 On appeal, Ronald Dewayne Richmond and William Roy Bennett contend the evidence is insufficient to support their convictions for conspiracy to distribute marijuana. Bennett also challenges his sentence. We reverse Richmond's conviction and affirm Bennett's conviction. We also vacate Bennett's sentence, and remand for resentencing.
 
 
 2
 The case against Richmond and Bennett began when an Arkansas drug distributor hired a government informant to haul a truck tire filled with marijuana from Texas to Arkansas. The drug distributor told the informant Bennett's house was the drop-off point for the marijuana. The drug distributor also took the informant to Bennett's house and introduced him to Bennett. Bennett loaded the informant's van with truck tires to be taken to Texas and gave the informant his telephone number. The informant then drove to Texas, dropped off the truck tires Bennett had given him, and picked up a similar truck tire filled with marijuana. After turning the marijuana over to the police, the informant called Bennett from a motel and told Bennett the van had broken down. When asked about the tire, Bennett told the informant to "leave that thing alone." Bennett also told the informant he would come up with a solution, and enlisted Richmond's help in hiring a wrecker to tow the van. Police arrested Richmond and Bennett when they and the wrecker arrived at the informant's motel.
 
 
 3
 In reviewing the sufficiency of the evidence supporting Richmond and Bennett's convictions, we view the record in the light most favorable to the government. See United States v. Frayer, 9 F.3d 1367, 1371 (8th Cir. 1993), cert. denied, 115 S. Ct. 77 (1994). Both Richmond and Bennett admit a conspiracy to distribute marijuana existed, but contend the government failed to prove they were implicated in the conspiracy. Thus, we must decide whether a reasonable jury could have found beyond a reasonable doubt that Richmond and Bennett knowingly contributed their efforts in furtherance of the conspiracy. See id.
 
 
 4
 The record contains ample evidence tying Bennett to the conspiracy. Bennett met the drug distributor and the informant at Bennett's home, furnished truck tires for delivery to Texas that were like the marijuana-filled tire the informant later picked up in Texas, and gave the informant his telephone number in case "anything happened." Bennett's home was the delivery point for the marijuana. Finally, when the informant told Bennett the van had broken down, Bennett made it clear that he did not want the tire disturbed, and he immediately made arrangements for a wrecker to complete the informant's trip. Viewing the record in the light most favorable to the government, we find sufficient evidence to support Bennett's conviction.
 
 
 5
 The same is not true for Richmond, however. The only evidence linking Richmond to the conspiracy was testimony about his participation in hiring the wrecker to tow the informant's van. According to the wrecker driver, Richmond agreed to pay the wrecker driver $150.00 to leave "this afternoon" to tow the van. When the wrecker driver asked if he could wait until the next morning, Richmond explained "he'd rather [the driver] get [the van] that afternoon [because] the person that wanted [the van] towed in indicated that he might have some tools or something in it, that they didn't want to leave [outside] overnight." At best, these statements show only that Richmond was helping his friend Bennett arrange a tow for a van containing a cargo in which Bennett had an interest. Without more, Richmond's mere association with Bennett is simply not enough to prove beyond a reasonable doubt that Richmond was aware of the conspiracy. See United States v. Casperson, 773 F.2d 216, 220-221 (8th Cir. 1985). Thus, Richmond's conviction cannot stand.
 
 
 6
 Bennett also challenges his sentence under the career offender provisions of the Sentencing Guidelines. See U.S.S.G. Sec. 4B1.1 (1993). Bennett concedes he is a career offender and his offense level under the career offender guideline depends on the statutory maximum sentence he faces for the marijuana conspiracy. See id. Because Bennett had two earlier felony drug convictions, and the government filed an unopposed pretrial information for increased punishment based on these convictions, see 21 U.S.C. Sec. 851 (1988), the district court concluded Bennett's statutory maximum sentence was ten years, see 21 U.S.C. Sec. 841(b)(1)(D) (1988). Thus, under sentencing guideline section 4B1.1, the district court determined Bennett's offense level was 24 and his criminal history category was VI; and, after crediting Bennett eighteen months for time served, the district court sentenced Bennett to eighty-two months imprisonment.
 
 
 7
 Bennett contends the district court failed to recognize that it had discretion to ignore Bennett's past drug record and apply the five year statutory maximum sentence for a person in Bennett's position with no earlier drug convictions. See 21 U.S.C. Sec. 841(b)(1)(D) (1988). We decline to consider Bennett's argument. The sentencing commission recently amended the commentary to section 4B1.1 to define statutory maximum sentence for purposes of the career offender guideline. See U.S.S.G Sec. 4B.1.1 n.2 (1994); U.S.S.G. app. C, amend. 506 (1994). In adopting the amendment, the commission explained the term means "the statutory maximum prior to any enhancement based on prior criminal record." See U.S.S.G. app. C, amend. 506 (1994). Although the amendment was not effective when Bennett was sentenced, the sentencing commission authorized the amendment's retroactive application. See U.S.S.G. Sec. 1B1.10 (1994). Because the district court did not have an opportunity to consider the amendment when the court sentenced Bennett, we vacate Bennett's sentence and remand for resentencing.
 
 
 8
 Accordingly, we reverse Richmond's conviction, we affirm Bennett's conviction, and we vacate Bennett's sentence and remand for resentencing.