46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Karl A. YOUNGER, Appellant,
v.
Joseph CLASS, Warden, South Dakota State Penitentiary; Mark
W. Barnett, Attorney General, State of South
Dakota, Appellees.
 No. 94-2225SD.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 15, 1994.
Filed: Feb. 9, 1995.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.
 PER CURIAM.
 
 
 1
 Karl A. Younger appeals the district court's denial of Younger's 28 U.S.C. Sec. 2254 habeas corpus petition. Younger contends that during his state court rape trial, the prosecution violated Brady v. Maryland, 373 U.S. 83, 87 (1963), by failing to disclose that the rape victim had filed a petition for a protective order accusing her boyfriend of physical assault. Younger concedes the petition does not implicate the rape victim's boyfriend in the rape, which occurred months before the petition was filed, and has no direct bearing on the events of the night of the rape. Younger argues he would have used the petition to show the victim fabricated her claim that Younger raped her, because the wording of the assault accusation in the petition is similar to the wording the woman used in her rape accusation against Younger. Even if we accept Younger's tenuous argument and credit the petition with some minimal impeachment value, Younger has not shown a reasonable probability that use of the petition would have changed the outcome of his trial. See United States v. Bagley, 473 U.S. 667, 682 (1985). Thus, the prosecution's failure to disclose the petition did not violate Brady. We affirm. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE HARRY F. BARNES, United States District Judge for the Western District of Arkansas, sitting by designation