50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Gregory MURDOCK, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2441.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 6, 1995.
Filed: March 22, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Murdock appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 Murdock was charged with two counts of bank robbery, two counts of armed bank robbery, and two counts of using a firearm during the commission of a bank robbery. Counsel unsuccessfully moved to suppress eyewitness identification testimony, and the victim tellers identified Murdock in court. The jury found Murdock guilty of all charges except one bank robbery count. The district court[2] sentenced him to a total of 420 months in prison and five years of supervised release, and we affirmed the convictions on direct appeal. United States v. Murdock, 928 F.2d 293, 295 (8th Cir. 1991). Among other things, we upheld the in-court identifications against a due process challenge, concluding that there was no substantial likelihood of misidentification given the witnesses' opportunity to view the robber, their attentiveness during the robbery, the certainty of their identifications, and the time span between the robbery and the identifications. Id. at 297.
 
 
 3
 We review the denial of a section 2255 motion de novo. Because it was denied without an evidentiary hearing, we will affirm only if the motion and record conclusively show that Murdock was not entitled to relief. See United States v. Deaton, 13 F.3d 270, 271 (8th Cir. 1993).
 
 
 4
 Murdock claimed in his section 2255 motion that he received ineffective assistance of trial counsel. He alleged numerous instances of deficient performance by counsel, principally centering around the eyewitness testimony at trial and Murdock's belief that he was subjected to suggestive identification procedures. Murdock also complained that counsel failed to ensure the jury was instructed on how to find him not guilty, and that counsel improperly stipulated to the banks' federally insured status. To prevail on his ineffective assistance claims, Murdock was required to show that counsel's performance fell below an objective standard of reasonableness, and that it is reasonably probable the result of the proceeding would have been different without counsel's unprofessional errors. See Wilson v. Armontrout, 962 F.2d 817, 819 (8th Cir.) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)), cert. denied, 113 S. Ct. 383 (1992). After careful review of each of Murdock's allegations and the record, we conclude that the district court properly denied relief: the allegations are belied by the record, amount to a second- guessing of reasonable trial strategy, or fail for lack of a showing of prejudice.
 
 
 5
 Murdock also claimed in his motion that the district court should have granted his pro se motions for a midtrial and posttrial hearing on ineffective assistance of counsel. The record shows, however, that the court allowed Murdock during trial to explain why he believed counsel was ineffective, and allowed counsel to respond; after trial, the court appointed new counsel when Murdock again asserted counsel was ineffective. Murdock further claimed in his section 2255 motion that the court should have held a midtrial hearing on the alleged suggestive identification procedures. This claim also fails. The district court had previously ruled that the identifications were admissible, and we upheld them on direct appeal. In addition, we conclude that the court properly rejected Murdock's claim that the jury was instructed only on how to find him guilty: the record shows that the jury was advised of the government's burden of proof and the presumption that Murdock was innocent.
 
 
 6
 Finally, in a "Motion to Amend," Murdock asks us to review a claim of ineffective assistance of appellate counsel that he submitted in his section 2255 motion but omitted from his brief. We grant his motion and have reviewed the claim; nevertheless, we conclude that it, too, fails because Murdock cannot show he was prejudiced by the alleged deficiencies he raises.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 The Honorable Edward J. Devitt, late a United States District Judge for the District of Minnesota