# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2725

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Antonio Amilcar Velasquez, | * | District of Nebraska. |
| also known as Antonio | * | |
| Velasquez Mazariegos, | * | [UNPUBLISHED] |
| also known as Pony, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2011
Filed: June 15, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Antonio Amilcar Velasquez (Velasquez) pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court[1] sentenced Velasquez to 121 months'

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

imprisonment after calculating his Guidelines range at 121 to 151 months, based on a criminal history category of II and an offense level of 31. On appeal, Velasquez argues that his prior Nebraska conviction for possession of marijuana was constitutionally infirm and should not have been used to calculate his criminal history category. We affirm.

In 2000, during a hearing in the County Court of Lancaster County, Nebraska, Velasquez pled guilty to possession of less than one ounce of marijuana, an infraction that carried a $100 fine with no possibility of incarceration. See Neb. Rev. Stat. § 28-416(13)(a) (1999). Velasquez entered his plea without counsel, without being advised of any rights, and without being informed of the infraction's scienter or quantity elements. The County Court accepted Velasquez's plea and ordered him to pay a $100 fine.

Ten years later, prior to sentencing for his federal methamphetamine conviction, Velasquez petitioned the County Court of Lancaster County to vacate his Nebraska marijuana conviction, asserting that the conviction was constitutionally invalid. The County Court denied the motion, stating: "The Court finds that although the plea was taken without advising the defendant of his constitutional rights the Motion to Vacate was not timely made. It has been ten years since the plea was taken. Therefore the Court finds the Motion to Vacate the Judgement should be overruled." Velasquez subsequently filed a motion to clarify whether his marijuana conviction was constitutionally invalid, but the County Court denied that motion without comment.

At the sentencing hearing in the present case, Velasquez asserted that the district court could not count the Nebraska marijuana conviction while calculating his criminal history category because he was not in fact convicted of that crime and, even if he was, the conviction was constitutionally infirm. The district court overruled Velasquez's objections, reasoning that (1) Velasquez was not permitted to collaterally attack the Nebraska conviction for the purpose of challenging his criminal history

category; and (2) it was unclear whether the Constitution even required the County Court to advise Velasquez of any particular rights because Velasquez pled guilty to a mere infraction that carried no possibility of imprisonment. Velasquez reasserts the same objections on appeal.

We review the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error. United States v. Banks, 514 F.3d 769, 780 (8th Cir. 2008). For the purposes of calculating a defendant's criminal history category, "[o]nce the government has proven the fact of conviction, the defendant bears the burden of proving the conviction was constitutionally infirm." Id.

To prove the fact of Velasquez's Nebraska marijuana conviction, the government submitted a certified record of the conviction, including the criminal complaint, the plea and sentencing transcript, the County Court's order denying Velasquez's motion to vacate the judgment, and a document related to the payment of the $100 fine. These documents were sufficient to prove the fact of Velasquez's conviction and, therefore, the burden shifts to Velasquez to prove that the conviction was constitutionally infirm.

Application Note 6 to United States Sentencing Guideline § 4A1.2 provides, in relevant part, that a prior conviction should not be counted for criminal history purposes if the conviction "ha[s] been ruled constitutionally invalid in a prior case." Velasquez asserts that the County Court effectively ruled his marijuana conviction constitutionally invalid when it acknowledged that "the plea was taken without advising [Velasquez] of his constitutional rights." We disagree. The County Court's order clearly states that Velasquez's motion to vacate was denied because it was untimely and, accordingly, the County Court did not rule on the merits of Velasquez's motion. Moreover, the County Court denied without comment Velasquez's motion for clarification as to whether his marijuana conviction was constitutionally invalid. Therefore, Note 6's proscription does not apply here.

Next, Velasquez asserts that the Constitution permits him to collaterally attack his marijuana conviction because the conviction was obtained in violation of his rights to counsel, trial, and due process. To the extent that Velasquez attempts to collaterally attack his conviction on grounds other than the violation of his right to appointed counsel, his attack is foreclosed by our precedent. "The Constitution only requires federal courts to permit a collateral attack on an earlier state conviction during federal sentencing when the defendant asserts the state court violated the defendant's right to appointed counsel." United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam); see also Custis v. United States, 511 U.S. 485, 494-96 (1994). And, Velasquez's collateral attack based on the right to appointed counsel is unavailing because he was convicted of an infraction and no term of imprisonment was actually imposed. "A State must provide trial counsel for an indigent defendant charged with a felony . . . but that right does not extend to nonfelony trials if no term of imprisonment is actually imposed." M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996). Because Velasquez's Nebraska marijuana conviction did not trigger the right to appointed counsel, his collateral attack on the conviction is without merit. Nichols v. United States, 511 U.S. 738, 748-49 (1994) ("[W]e hold . . . that an uncounseled misdemeanor conviction, valid . . . because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.").

For the foregoing reasons, we affirm.

_____