

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2007

# USA v. Slaughter

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Slaughter" (2007). *2007 Decisions.* Paper 368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2153

———

UNITED STATES OF AMERICA

v.

PAMELA SLAUGHTER,

Appellant.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(05-cr-00586-1)
District Judge:  Honorable Gene E.K. Pratter

———

Submitted pursuant to Third Circuit LAR 34.1(a)
September 11, 2007

Before: SCIRICA, Chief Judge, RENDELL, and FUENTES, Circuit Judges.

———

(Filed: September 27, 2007 )

———

OPINION OF THE COURT

FUENTES, Circuit Judge.

On March 23, 2006, Pamela Slaughter was sentenced to 30 months probation, a fine of $750, a special assessment of $200, and restitution of $2,173 for unauthorized use of information from a government computer system for private financial gain, in violation of 18 U.S.C. § 1030(a)(2)(B) and (c)(2)(B). Her attorney has moved to withdraw his representation pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that no non-frivolous issues exist to be presented on appeal. We will grant the Anders motion and affirm the sentence.

**I.**

During the period from January 24, 2002 through April 30, 2003, Pamela Slaughter, an employee of the Internal Revenue Service ("IRS"), unlawfully accessed a computerized IRS database which contains sensitive taxpayer information on hundreds of occasions, two of which were charged in this case. She accessed the database in order to find children who were not claimed by anyone as dependents. Finding one that was not, Slaughter falsely claimed that child as her dependent in order to obtain favorable tax consequences. In addition, Slaughter listed a second child whom she found on the database as her daughter's dependent in order to obtain favorable tax consequences for her daughter.

Slaughter was subsequently charged in an information with two counts of

unauthorized use of information from a government computer system for private financial gain. 18 U.S.C. § 1030(a)(2)(B) and (c)(2)(B). Slaughter pleaded guilty and was sentenced to 30 months probation and was fined. In her plea agreement, Slaughter agreed to waive her appellate rights except as to claims that her sentence exceeds the statutory maximum or the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range. Neither of those circumstances occurred here. Nonetheless, Slaughter appealed the sentence. Her attorney has subsequently submitted a brief certifying that no non-frivolous issue could be presented.

## II.

In Anders v. California, 386 U.S. 738 (1967), "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001). These guidelines are reflected in our local appellate rules, which provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders." 3d Cir. LAR 109.2(a). "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel." Id. The Rule allows a defendant to file a *pro se* brief in response. Id. Although Slaughter was notified of counsel's Anders brief, she did not file any response.

When faced with an Anders brief, we employ a two-step inquiry to determine whether an appeal is without merit. First, we consider whether counsel's brief adequately fulfills the requirements of Local Appellate Rule 109.2(a). Youla, 241 F.3d at 300. To satisfy these requirements, the brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and must explain "why the issues are frivolous." Id. Second, we consider whether "an independent review of the record" presents any non-frivolous issues. Id. When an Anders brief is adequate under step one, "the proper course is for the appellate court to be guided in reviewing the record by the Anders brief itself." Id. at 301 (internal quotations omitted).

In this case, Slaughter's appellate counsel has filed an adequate Anders brief, which demonstrates a thorough examination of the record on appeal. The brief carefully lays out the factual and procedural history of the case, and identifies four general topics which could arguably give rise to an appealable issue in this case. First, the brief addresses whether the District Court had jurisdiction to accept the guilty plea. Second, the brief addresses the validity of the guilty plea and notes that Slaughter has expressed no desire to withdraw her plea. Third, the brief addresses the enforceability of the guilty plea. Finally, the brief reviews the propriety of the sentence imposed. The brief satisfactorily explains why there are no appealable issues related to these topics.

Our independent review of the record reveals that, as counsel has represented, there are no non-frivolous issues to consider on appeal. The District Court had

jurisdiction to accept the plea, the guilty plea was valid, and was enforceable. In addition, the District Court did not impose a sentence above the statutory maximum nor did it unreasonably depart upwards from the sentencing range. Moreover, since Slaughter has presented no reason why her appeal waiver is invalid, this appeal is frivolous. Accordingly, we will grant counsel's Anders motion and affirm the judgment of the District Court.