20-2910-cr
United States of America v. King

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.**

**PRESENT:**

> **SUSAN L. CARNEY,**
> **JOSEPH F. BIANCO,**
> > ***Circuit Judges,***
> **ERIC KOMITEE,**
> > ***District Judge.****

_____

United States of America,

> *Appellee,*

> v.                            **20-2910-cr**

Tyler King,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Tyler King, pro se, Troy, NY. |
| **FOR APPELLEE:** | Joshua R. Rosenthal, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Albany, NY. |

_____

\* Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 14, 2020 judgment of the District Court is **AFFIRMED**.

Appellant Tyler King, proceeding pro se, appeals from the judgment entered following his conviction by a jury on one count of conspiracy to commit computer fraud in violation of 18 U.S.C. § 371, one count of computer fraud in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B)(i), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

**I.    Waiver**

Selective and vindictive prosecution claims, as well as motions for the suppression of evidence, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(iv), (C). Absent a showing of good cause, such claims are waived if untimely raised. *Id*. Rule 12(c)(3). Because the facts underlying King's selective and vindictive prosecution claims and his claim that evidence from his desktop computer should have been suppressed were known to him prior to trial, he could have filed a timely Rule 12 motion on those grounds. He has not shown good cause for his failure to do so. Accordingly, these claims are waived.[2] To the extent King renews the suppression argument he raised in the District Court (that the search of

---

[1] The government's unopposed motion to file a supplemental appendix out of time is granted.

[2] We decline to consider on direct appeal King's ineffective assistance of counsel argument, raised in his reply brief. *See United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005) (noting this Court's "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)).

seized electronic devices exceeded the scope of the warrant), we conclude this argument is without merit. The search of those devices was within the bounds of the warrant's authority. *See* Fed. R. Crim. P. 41(e)(2)(B).

**II.    Discovery Violations**

King argues for the first time on appeal that the government violated Federal Rule of Criminal Procedure 16(a). Rule 16(a) requires the government, upon the defendant's request, to make available for inspection any documents or objects in its possession that it intends to use in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). Assuming arguendo that King did not waive this argument by failing to raise it in the District Court, we evaluate his challenge for plain error. *See United States v. Johnson*, 525 F.2d 999, 1005 (2d Cir. 1975).

"[A] Rule 16(a) violation is not grounds for reversal unless the violation caused the defendant 'substantial prejudice.'" *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (quoting *United States v. Salameh*, 152 F.3d 88, 130 (2d Cir. 1998)). To amount to "substantial prejudice," the timing of the disclosure must have "adversely affected some aspect of [the defendant's] trial strategy." *Id.* (internal quotation marks omitted). King has not met this standard. He argues that he would have changed his trial strategy and produced a computer expert as a witness had he received earlier notice that the government planned to introduce digital evidence, including computer files and screenshots, against him. But this claim is not supported by the record, which reflects that King had ample warning that the government would present this type of evidence at trial. We therefore reject this claim.

**III.    Admission of Evidence Related to 2004 FBI Contact**

King next challenges the District Court's allowance of evidence that King previously

3

admitted creating unauthorized user accounts with administrator-level permissions in his high school's network. He argues that because the admission occurred years ago, its probative value was outweighed by its prejudicial effect.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Stewart*, 590 F.3d 93, 133 (2d Cir. 2009). Federal Rule of Evidence 404 provides that evidence of a defendant's past wrongful conduct is inadmissible if introduced to prove the defendant's character, but not if introduced for other purposes, such as proof of opportunity or identity. Fed. R. Evid. 404(b)(1)–(2). In addition, Federal Rule of Evidence 403 allows the district court to exclude admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" *Id.* We will not second-guess a district court's Rule 403 analysis without "a clear showing that the court abused its discretion or acted arbitrarily or irrationally." *Stewart*, 590 F.3d at 133 (internal quotation marks omitted).

We identify no abuse of discretion in the District Court's ruling. This evidence was offered for a proper purpose—*i.e.*, to show that King had the ability (and thus, the opportunity) to commit the charged crimes and to identify King as the conspirator with such ability. That King was not charged with a crime stemming from this incident does not render the related evidence inadmissible. *See* Fed. R. Evid. 404(b)(2). In addition, this evidence had significant probative value because one of the principal theories of the defense was that King's co-conspirator was untruthful about her role and King's role in the offense. Contrary to King's contention on appeal, that this conduct occurred many years ago does not necessarily decrease its probative value. Rather, the jury could reasonably infer from the evidence that King's technical abilities were once substantial and had not diminished over time. Further, as the District Court observed, this

4

evidence "did not involve conduct more inflammatory than the charged crime." *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (internal quotation marks omitted).

Accordingly, the District Court reasonably concluded that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to King. *See id.* Finally, to the extent there was any risk of unfair prejudice, the District Court addressed and diminished that risk by giving the jury a limiting instruction before the testimony and at the close of trial. *See id.*

**IV.     Prosecutorial Misconduct**

King argues next that he is entitled to a new trial because of misconduct by the government in eliciting allegedly false testimony from his co-conspirator. He asserts that the government obtained such testimony on two topics: a visit to a Qdoba restaurant and the accuracy of a text message chain. He also alleges that the government introduced a "falsified" version of the text message chain and improperly sought to introduce irrelevant photographs of a sexual nature.

When a defendant alleges prosecutorial misconduct, a new trial is warranted "only . . . if the misconduct is of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. McCarthy*, 54 F.3d 51, 55 (2d Cir. 1995) (internal quotation marks omitted). In assessing whether proven misconduct denied a defendant his right to a fair trial, this Court considers "[t]he severity of the misconduct, curative measures, and the certainty of conviction absent the misconduct." *Blissett v. Lefevre*, 924 F.2d 434, 440 (2d Cir. 1991).

For perjury to warrant a new trial, the defendant must show that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the alleged perjury at [the] time of trial; and (iv) the perjured testimony remained

5

undisclosed during trial[.]" *United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000) (internal quotation marks and citations omitted). "Perjury" means "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *see also* 18 U.S.C. § 1621.

As to King's first misconduct claim, although an FBI agent later testified that records showed that an alleged co-conspirator paid for food at a Qdoba on a particular date, that co-conspirator never testified about a trip to a restaurant. King has adduced no reasonable basis for concluding that the FBI agent's testimony was "false": it was consistent with the documentary evidence, and no objection was made to that evidence.

As to the falsified text message claim, King acknowledges that, at trial, he recognized the text messages to be incomplete. Accordingly, he cannot now argue that the "perjured testimony remained undisclosed during trial": rather, the record reflects that he and his attorney chose not to raise this issue with the court at the time. *Zichettello*, 208 F.3d at 102. Nor has he shown that the omissions from the text messages presented to the jury concerned a "material matter," *Dunnigan*, 507 U.S. at 94, or that the presentation of messages containing omissions constituted "misconduct . . . of sufficient significance to result in the denial of [King's] right to a fair trial," *McCarthy*, 54 F.3d at 55 (internal quotation marks omitted). Likewise, King cannot show that the photographic evidence he assails had any effect on his right to a fair trial, since the photographs were not presented to the jury. We therefore reject all of these evidentiary challenges.

**V.      Sufficiency of the Evidence**

King argues that there was insufficient evidence of an offense causing losses of at least $5,000 in value in a one-year period, *see* 18 U.S.C. § 1030(c)(4)(A)(i)(I), (B)(i), and that

6

accordingly the related penalty enhancement was erroneously applied. For the following reasons, we disagree.

We review sufficiency of the evidence claims with "exceeding[] deferen[ce]" to the jury's verdict, *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008), viewing the evidence in the light most favorable to the government and affirming if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt, *see United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009). The jury heard evidence of (1) the types of expenses incurred—including staff hours expended to identify the scope of the breach, consultant's fees, and travel costs, and (2) an estimate of the extent of those expenses, which was more than four times the $5,000 loss threshold. A rational jury could have credited this evidence, which was not contradicted at trial, and concluded on that basis that King's offense caused losses of at least $5,000. *See United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). Moreover, the District Court accurately instructed the jury regarding the loss definition. King has pointed to no basis in the record for concluding that, in reaching its verdict, the jury improperly considered expenses other than these losses. *See* 18 U.S.C. § 1030(e)(11).

King also argues that his offenses did not involve a "means of identification" within the meaning of the aggravated identity theft statute. 18 U.S.C. § 1028A(a)(1). We are not persuaded. The statute defines a "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual," 18 U.S.C. § 1028(d)(7), and provides a non-exhaustive list of examples, *see United States v. Dumitru*, 991 F.3d 427, 432 (2d Cir. 2021) (per curiam). The statute's text does not require information to be unique or confidential to constitute a "means of identification." Network

usernames assigned to specific users may amount to a "means of identification" within the statutory definition. *See, e.g.*, *United States v. Barrington*, 648 F.3d 1178, 1193 (11th Cir. 2011). In arguing that the District Court's interpretation was overbroad, King overlooks those portions of the statute that generally require that the use, possession, or transfer of the means of identification be "in relation to" another crime and "without lawful authority." 18 U.S.C. § 1028A(a)(1). The District Court did not err in reading the statute to encompass usernames employed by King.

**V.     Sentence**

Liberally construing his brief on appeal, we understand King to raise two arguments related to his sentence: (1) that the District Court erred in imposing a restitution obligation of $21,159 because this loss amount was not proven at trial beyond a reasonable doubt, and (2) that the District Court failed to adequately consider the disparities between King's sentence and that of his co-conspirator, or between King's sentence and those of others convicted of similar conduct.

As to King's first argument, the Mandatory Victims Restitution Act of 1996 requires a sentencing court to order a defendant to make restitution to identifiable victims who have suffered pecuniary losses as a result of the defendant's Title 18 property crimes. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The government bears the burden of establishing the amount of restitution. *See United States v. Finazzo*, 850 F.3d 94, 117 (2d Cir. 2017). The sum must be based on "the amount of losses directly and proximately caused by the defendant's conduct," with any dispute to be "resolved by the court by the preponderance of the evidence." *United States v. Gushlak*, 728 F.3d 184, 194–95 (2d Cir. 2013) (emphasis and internal quotation marks omitted). Because King did not object to the amount of restitution order at sentencing, our review on appeal is for plain error. *United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000) (per curiam); *see also*

8

*United States v. Bryant*, 976 F.3d 165, 173 (2d Cir. 2020).

The District Court did not plainly err in imposing $21,159 in restitution. Other than noting that this was the amount of restitution imposed in King's co-conspirator's case, the basis for this specific loss amount is not stated in or apparent from the record. But, given the ample notice King had of the $21,159 figure from the presentence investigation report, where it was the Probation Office's recommended restitution amount; his failure timely to object to it; and the close relationship it bore to the evidence at trial, King cannot show that any error in its calculation is plain and "seriously affects the fairness, integrity or public reputation of judicial proceedings," as it must to qualify as plain error warranting vacatur and remand. *Bryant*, 976 F.3d at 174 (internal quotation marks omitted).

King's sentencing disparities argument also fails to persuade this Court. We entertain "a strong presumption that the sentencing judge has considered all arguments properly presented to her [or him], unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 346–51 (2007). That "presumption is especially forceful when . . . the sentencing judge makes abundantly clear that she [or he] has read the relevant submissions and . . . considered the § 3553(a) factors." *Id.* Further, "we have repeatedly made clear that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (internal quotation marks omitted). Here, the District Court stated that it had considered King's sentencing arguments, which relied in part on a comparison to his co-conspirator's sentence, and the § 3553(a) factors. Although on appeal King has provided two examples of female defendants

who were sentenced for a similar crime more leniently than he was (he identified his co-conspirator and the defendant in *United States v. Slaughter*, 248 F. App'x 313 (3d Cir. 2007)), this is not sufficient to establish the existence of a nationwide disparity, especially considering that these two defendants, unlike King, pleaded guilty to a single offense.

We have considered all of King's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the District Court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We further **GRANT** the government's motion to supplement the record.